IN THE UNITED STATES DISTRICT COURT
for the
Southern District of New York

MELANIE HAMMER
     Plaintiff(s)/Petitioner(s)

**24 CV 1168**

v.

Town of Bedford New York,
Department of Building Bedford New York,
Zoning Board of Appeals Bedford New York
(Peter Michaelis, Meredith Black, Rosemary Lee,
Roger van Lovern, Lisa Spano),
Building Inspector Town of Bedford New York
(Albert Ciraco),
Attorney for The Town of Bedford New York
(Eric Gordon, Esq.)
          Defendant(s)

Case No.

COMPLAINT FOR A
VIOLATION OF CIVIL RIGHTS

Request for a Jury Trial

I.      PARTIES

<u>Plaintiff:</u>
Melanie Hammer, Esq. (pro se)
146 Goldens Bridge rd
Katonah, NY 10536
Melanie@hammer-esq.com
718-757-7677

<u>Defendants:</u>
1.  Town of Bedford New York  hereafter "Town"
    321 Bedford Rd.
    Bedford Hills, NY 10507
    914-666-4534
    OFFICIAL CAPACITY

2.  Department of Buildings Bedford New York hereafter "DOB"
    425 Cherry Street
    Bedford Hills, NY 10507
    914-666-8040
    OFFICIAL CAPACITY

3.  Zoning Board of Appeals Bedford New York, hereafter "ZBA"
    425 Cherry Street

Bedford Hills, NY 10507
914-666-8040
OFFICIAL CAPACITY

4.  Peter Michaelis
    Chair of  Zoning Board of Appeals Bedford New York
    425 Cherry Street
    Bedford Hills, NY 10507
    914-666-8040
    OFFICIAL CAPACITY& INDIVIDUAL CAPACITY

5.  Meredith Black,
    Member
    Zoning Board of Appeals Bedford New York
    425 Cherry Street
    Bedford Hills, NY 10507
    914-666-8040
    OFFICIAL CAPACITY& INDIVIDUAL CAPACITY

6.  Rosemary Lee
    Member
    Zoning Board of Appeals Bedford New York
    425 Cherry Street
    Bedford Hills, NY 10507
    914-666-8040
    OFFICIAL CAPACITY& INDIVIDUAL CAPACITY

7.  Roger van Lovern
    Member
    Zoning Board of Appeals Bedford New York
    425 Cherry Street
    Bedford Hills, NY 10507
    914-666-8040
    OFFICIAL CAPACITY& INDIVIDUAL CAPACITY

8.  Lisa Spano
    Member
    Zoning Board of Appeals Bedford New York
    425 Cherry Street
    Bedford Hills, NY 10507
    914-666-8040
    OFFICIAL CAPACITY & INDIVIDUAL CAPACITY

9.  Building Inspector Town of Bedford New York
    425 Cherry Street

Bedford Hills, NY 10507
914-666-8040
OFFICIAL CAPACIT

10. Albert Ciraco hereafter "building inspector"
Building Inspector Town of Bedford New York/
425 Cherry Street
Bedford Hills, NY 10507
914-666-8040
OFFICIAL CAPACITY& INDIVIDUAL CAPACITY

11. Eric Gordon, Esq. "Town Attorney"
Attorney for The Town of Bedford New York
Keane & Beane
445 Hamilton Ave, 15th Floor
White Plains, NY 10601
914=946-4777
rzitt@khlaw.com
OFFICIAL CAPACITY & INDIVIDUAL CAPACITY
Known collectively as "Defendants".


II.    JURISDICTION

1. I, Melanie Hammer, Esq, Plaintiff Acting Pro Se in this case,  bring this action Under 42

U.S.C. § 1983, based upon a "deprivation of my rights, privileges, or immunities secured by

the Constitution and state, local, and town laws", by the Defendants, to wit, the Town of

Bedford New York, Zoning Board of Appeals Bedford New York, Department of Building

Bedford New York/ Building Inspector Town of Bedford New York / Albert Ciraco,

Attorney for The Town of Bedford New York / Eric Gordon, Esq., all the members Zoning

Board Of Appeals for the Town of Bedford New York (Peter Michaelis, Meredith Black,

Rosemary Lee, Roger van Lovern, Lisa Spano). (hereafter "Defendants").

2. Said Defendants are state/local officials and or governmental agencies/municipalities.

3. I bring this § 1983 claim because **the Defendants collectively violated State and local laws**

**and the United States Constitution.  Specifically,**

3

a. VIOLATED The 5th & 14th Amendments to the United States Constitution, Due Process Clauses and Deprivation of Property without Due Process of Law by **effectively rezoning my property unlawfully from Residential 1 Acre "R1A" to Residential 12 Acre "R12A" lots**.

b. VIOLATED Bedford Town Code § 125-12, which allows a residence on each minimum lot size , on an undivided parcel of land.

c. VIOLATED Bedford Town Code § 125-79  which **expressly states the Towns' intent to create MORE accessory apartments.**

d. VIOLATED Residential One Acre Zoning designation and definition "R1A" which by definition **allows a residence on each acre.** One acre is the minimum lot size in R1A zoning districts.

e. VIOLATED New York State Town Law § 267a – **which requires appeals to be** *heard* **within 60 days and** *filed* **within 5 days.**

**Defendants violated these right while acting under color of law in their personal and official capacities as described below** *by illegally denying construction permits* **in violation of the above laws and thereby effectively preventing the Plaintiff from renting her apartment/accessory dwelling unit "ADU".**

**Defendants this course of conduct by the Defendants thereby effectively and illegally rezoned her property to from a residential 1acre property  "R1A" to a residential 12 acre "R12A" without basis in law.**

**Defendants claim that it is unlawful to have more than one residential structure on her 11.69 acre property which is zoned for once acre lots (uncontested). The Defendants violated the law and Plaintiffs rights and  therefore I bring this action.**

4

### III.    BACKGROUND AND PROCEDURAL HISTORY:

This case involves a course of conduct intentionally designed to prevent the Plaintiff from the lawful use of her own private property and residential zoning rights. The Defendants, acted under color of law, between the dates June 1, 2023 to the Present, in the County of Westchester at the locations and times described below, to effectively and intentionally deprive the Plaintiff of the lawful of her Zoning Rights.

Here is what the Court needs to know:

1. Property at issue is 11.69 acres;
2. The Property is Zoned Residential One Acre "R1A".
3. R1A makes it legal to have a residence on each acre and/or "minimum lot size";
4. This R1A zoning is uncontested/ as is the definition above;
5. The property has a pre-existing non-conforming legal cottage (NOT at issue);
6. A Main House;
7. A detached garage/barn which IS the subject of this case. This rests on its own acre.
8. This garage/barn *structure* itself is legal and even has a C of O for a rec. room on the second floor.
9. **This rec. room was converted to be an Accessory Dwelling Unit ADU through the installation of a bathroom and a kitchen. There is no evidence in the record as to when this was constructed.**
10. **The Defendant's issued a notice of violation 4/27/2023 alleging the bathroom and kitchen are illegal under Bedford Town Code 125-12.**
11. **On 6/1/2023, 7/6/2023, and 9/27/2023 Plaintiff filed for the construction permits with the requisite application and architectural drawings in an attempt to comply with the violation issued.  EXHIBITS K, L, O.**
12. **These applications orally denied and the appeals were ignored until 9/27/2023.**
13. **On 9/27/2023 the Defendants finally issued a permit denial alleging the apartment was "illegal" under Bedford Town Code 125-79.1A. This was a new section which was also incorrect as a matter of law.**
14. **Bedford Town Code 125-79.1A does not apply to R1A properties. AND it applies to APPLICATIONS for COTTAGES not permits for bathroom and kitchens.**
15. **On 11/2/2023 the Zoning Board Meeting the ZBA affirmed the permit denial from 9/27/2023 based on Bedford Town Code 125-79.1A. Which they admit does not apply to R1A properties.**
16. **On 11/2/2023 the Defendants admitted on video that BTC 125-12 did not apply (EXHIBIT P video).**
17. **See also 11/2/2023 video of completed vote. EXHIBIT Q.**
18. **And that they were "implying" a violation under 125-79.1A which, in fact, does not apply to R1A properties. SEE EXHIBIT H video.**

19. **This intentional and unlawful conduct was made color of law was designed to deprive Plaintiff of her Property Rights, to wit, rent her ADU in accordance with R1A zoning, BTC 125-12, 125.79.**

20. **On November 30, 2023 I brought an article 78 Petition against the Defendants in Westchester County Supreme Court for issuing the violation erroneously under BTC125-12, denying construction permits based upon another error of law (BTC 125-791a)., and for the "per se" violation of my Due Process Rights under the 14th Amendment to the Constitution and NY state Town Law 267a for delaying my appeal by 5 months and filing the decision 32 or nearly 7 times too late).**

21. The Defendants refused to file the ZBA decision and were aware they were in violation on Town Law 267a.

22. **On 12/7/2023 the Defendants held a second ZBA meeting where Plaintiff was <u>not permitted to respond</u>. EXHIBIT V.**

23. **This meeting AFTER the Defendants were served with litigation and was designed to cover up their late filing of the ZBA decision under NY Town Code 267a.**

24. **Defendants attempted to rationalize the ZBA decision after the fact an in contemplation of the pending litigation.**

25. **Defendants finally filed the ZBA decision 37 days late on 12/8/2023. EXHIBIT W.**

26. <u>ZBA decisions have to be filed within 5 days under NY state Town Law 267a.</u>

27. <u>This 32 day delay was intentional and designed to prevent the filing of an article 78 proceeding. EXHIBIT M emails.</u>

28. On 2/9/2023 the Westchester Supreme Court issued a decision and order on said article 78 Proceeding.

29. The Decision of Court exceeded the facts/arguments invoked by the Desfendants at the 11/2/2023 ZBA meeting., in that, (a) the court found BTC 125-12 DID apply in direct contraction defendants position in the ZBA meeting . VIDEO EXHIBT P, and (b)further made a "coverage limits" type argument which was not even discussed and definitely NOT invoked as a basis for denial at the 11/2/2023 meeting. EXHIBIT A complete 11/2/2023 ZBA meeting video.

30. **<u>The Court found that the Town was not arbitrary and capricious for denying construction permits by "implication"</u> based upon the legal axium "<u>*"inclusion unius est exclusion alterlus" made this "implication" permissible.*</u> Also not invoked as an argument at the 11/2/2023 meeting.**

31. The Court did not find issue with the fact that the violation "inferred" <u>does not exist</u> and carries *<u>criminal penalties</u>* and therefore violated the 6th and 14th Amendments to the United States Constitution.

32. **The Court did not address any of the "per se" procedural violations of New York Town Code 267a which codifies the Due Process rights for Zoning Board of Appeals Cases, Appeals, and decisions. EXHIBIT X.**

33. The Court seemingly did not review Plaintiffs EXHIBITS B though S.

34. **The Court did not respond in the decision to the legislative intent or the fact that The** Town of Bedford has partnered with Habitat for Humanity to PAY homeowners

up to $125,000 to legalize and create ADU/apartments like mine. "PLUS ONE ADU" Pamphlet EXHIBIT U.


RELEVENET LAW LOCAL CODES

**Bedford Town Code 125-12 "Lots"**
**"Every building <u>hereafter erected</u> shall be located on a lot, as herein defined. <u>There shall be not more than one main building and its accessory buildings on each minimum size</u> lot, except for nonresidential buildings in districts where such uses are permitted. On one <u>undivided parcel of land in size equal to or greater than twice the minimum acreage as required for the districts established hereunder, no more than two main buildings and their accessory buildings shall be permitted</u>; provided, however, that, in each such instance, all main and accessory buildings must conform to all lot requirements established hereunder the same as if such buildings were placed on two separate and independent parcels of land."**

**§ 125-79**
**Accessory apartments in existing single-family residences.**
**[Amended 5-15-1984; 7-25-1989]**
**"A. It is the intention of this section to permit the creation, subject to the standards listed below, of accessory apartments in the Town for the purposes of maintaining a supply of small rental or owner-occupied housing units designed to meet the needs of persons, both young and old, of moderate income and to permit the efficient use of the Town's housing stock by providing economic support for owners of larger structures and incentives for maintenance of these structures. To achieve these goals and to promote the other objectives of the Zoning Ordinance to serve the health and welfare of the Town's people, the regulations below have been created."**

**Bedford Town Code 125-79.1**
**A. <u>In the R-2A and R-4A Districts</u>, the Planning Board may grant a special permit to create a cottage in an existing accessory building, provided that…... There <u>shall be no more than one cottage or accessory apartment per lot.</u>**


It is a very serious matter for the government (as here) to unlawfully interfere with the

Plaintiff's Property and Zoning Rights without legal basis and for no legitimate purpose. In this

case the Defendants acted to intentionally interfere with Plaintiff's property rights specifically

her R1A zoning. The Defendants maliciously, punitively and without basis in law are still

engaged in a course of conduct to prevent the Plaintiff from using her Accessory Dwelling Unit.

The Defendants have in essence *created* legislation (through "implication") to interfere with the

R1A zoning rights. Their actions are unlawful and Unconstitutional. The Defendants cannot

prevent a lawful use of private property by merely "inferring" a violation of law. Especially

when that violation they "infer" carries CRIMINAL penalties. The Defendants have never

asserted a community interest/community complaint with Plaintiff's ADU/rental apartment. The

rental apartment sits almost smack dab in the middle a nearly 12 acre property EXHIBIT F AND

E "land survey". I would like to rent my legal and already built ADU/above my garage. The

Defendants are working hard prevent me from my legal right to enjoy my property. It is

important to note that the Town of Bedford has partnered with habitat for humanity to PAY

homeowners to legalize and create ADU apartments like mine. EXHIBIT U (partnership with

Habitat for Humanity and the Housing Action Counsel "PLUS ONE ADU").


## IV.    STATEMENT OF CLAIM

1. THE DEFENDANTS VIOLATED BEDFORD TOWN ZONING ORDINANCE "R1A", BEDFORD TOWN CODE 125-12 LOTS, BEDFORD TOWN CODE 125-79 ACCESSORY APARTMENTS. BY *ERRONEOUSLY* ISSUING A NOTICE OF VIOLATION FOR AN *LEGAL* APARTMENT.

TIME: On 4/27/2023 at between the hours of 10:00 am and 5:00 pm, at 146 Goldens Bridge

Rd in the County of Westchester New York, The Building Inspector Town of Bedford New York

under the supervision of Albert Ciraco, and Department of Building Bedford New York acting

under color of law,


**EVENTS: Violated Bedford Town Zoning Ordinance Residential One Acre "R1A",**

**Bedford Town Code 125-12 Lots, Bedford Town Code 125-79 Accessory Apartments by**

***erroneously*** **issuing a Notice of Violation for an *legal* apartment**. See count (7) of Notice Of Violation (EXHIBIT D) .

**LAW**: Bedford Town Code 125-12 reads:

Every building hereafter erected shall be located on a lot, as herein defined. There shall be **not more than one main building and its accessory buildings on each <u>minimum size lot</u>,** except for nonresidential buildings in districts where such uses are permitted. **<u>On one *undivided* parcel of land</u>** <u>in size equal to or greater than</u> **<u>twice the minimum acreage</u>** <u>as required for the districts established hereunder</u>, ***<u>no more than two main buildings and their accessory buildings shall be permitted</u>***; " Emphasis added.

Bedford Town Code § 125-12 *supports (as you can see above)* rather than prohibits the apartment at issue. See EXHIBIT E & F proof that the apartment is on its own acre/minimum lot size.

DAMAGES: The Defendants unlawful actions caused the Plaintiff to suffer the following damages: (b) unnecessary permit application fees, (c) Zoning Board of Appeals Application Fee, (d) lost rental income from this property at a rate of $2,400 monthly $19,200 (5/1/2023 to the present), (e) her legal time and effort at a rate of $550 per hour approximately 100 hours at the time of this writing $55,000. (See Westchester Supreme Court case 71446/2023). These actions devalued my property by approximately $2,000,000.

2. <u>DEFENDANTS VIOLATED TOWN CODE 125-79, AND RESIDENTIAL ONE ACRE ZONING DESCIGNATION BY</u> **<u>DENYING CONSTRUCTION PERMITS ON 6/1/2023.</u>**

TIME: On 4/27/2023 at between the hours of 10:00 am and 5:00 pm, at 146 Goldens Bridge Rd in the County of Westchester New York

EVENT: Defendants Notice of Violation also alleged violations for failing to obtain construction permits for the bathroom and kitchen at 146 Goldens Bridge Road Katonah NY (garage apartment). These construction permits were unlawfully denied 6/1/2023 at 425 Cherry Street Bedford Hills NY between the hours of 9:00am and 5:00pm in the County of Westchester NY. Defendants based the permit denial on the erroneous reading of Bedford Town Code 125-12.

PROOF: Albert Ciraco admitting in **the presence of his Deputy Building Inspector,** at the time and date of location above ,"That section of the code was not the best choice" basically admitting that section did not apply.


LAW: The Defendants based their prohibition on the residential use of this structure upon BTC 125-12. They denied the construction permits because they alleged 125-12 prevented to creation of a residence in the garage. They are wrong on the law. It is unlawful to deny these permits based upon § 125-12. The relevant section of § 125-12 is above.


DAMAGES: The Defendants unlawful actions caused the Plaintiff to suffer the following damages: (b) unnecessary permit application fees, (c) Zoning Board of Appeals Application Fee, (d) lost rental income from this property at a rate of $2,400 monthly $19,200 (5/1/2023 to the present), (e) her legal time and effort at a rate of $550 per hour approximately 100 hours at the time of this writing $55,000. (See Westchester Supreme Court case 71446/2023). These actions devalued my property by approximately $2,000,000.

3. ALBERT CIRACO THE BUILDING INSPECTOR DENIED PLAINTIFF DUE PROCESS BY **REFUSING TO ISSUE A *WRITTEN* DENIAL FOR CONSTRUCTION PERMITS ON 6/1/2023.**

**TIME :**On 6/1/2023 between the hours of 9:00am and 5:00pm at 425 Cherry Street, Bedford Hills New York in the County of Westchester, Albert Ciraco, the Building Inspector, and The Department of Building **REFUSED to issue a WRITTEN denial of the Construction Permits.**

**EVENTS: The Defendant orally denied said construction permits based on BTC § 125-12** while acting in their official capacities and under color of law.

LAW: § 125-12 cited in the two sections above.

**PROOF: The Defendants knew that section of the code did not apply: See proof (a) Attached emails EXHIBITS I & J; (b)Video of the Zoning Board of appeals meeting 11/2/2023 EXHIBIT P video admitting the violation count & would "likely be dismissed in town court".**

DAMAGES: The Defendants unlawful actions caused the Plaintiff to suffer the following damages: (b) unnecessary permit application fees, (c) Zoning Board of Appeals Application Fee, (d) lost rental income from this property at a rate of $2,400 monthly $19,200 (5/1/2023 to the present), (e) her legal time and effort at a rate of $550 per hour approximately 100 hours at the time of this writing $55,000. (See Westchester Supreme Court case 71446/2023). These actions devalued my property by approximately $2,000,000.

4. THE DEFENDANTS **ILLEGALLY DENIED CONSTRUCTION PERMIT UNDER 125-79.1A WHICH DOES NOT APPLY TO R1A** PROPERTIES. DEFENDANTS ADMITED TO A "INFERENCE" EXHIBIT H.

TIME: On 9/22/2023 at 425 Cherry Street, Bedford Hills NY in the County of Westchester
NY the Defendants Eric Gordon, Town Attorney, Building Department, Building Inspector, and
Albert Ciraco

EVENT: **unlawfully denied Plaintiff's construction permit while acting under color of
law to issue the "denial letter" EXHIBIT B.** The denial was based on an erroneous reading of
BTC 125-79.1A. **These Defendants overreached their granted authority by inferring or
essential *creating* a new code violation**. This unlawful "legislation" or creating of non-existent
code.

LAW: Defendant's violated the Plaintiffs right to Due Process under the 14th and 5th
Amendment to the United States Constitution, violated he right to notice of criminal charges
under the 6th Amendment To The United States Constitution. In denying the construction permits
the Defendants acted in violation of BTC 125-12, 125-79, and Residential 1 acre zoning
ordinances.

PROOF: The Defendants knew § 125-79-1A did not apply. And they admitted it on the
record EXIBIT H.

DAMAGES: The Defendants unlawful actions caused the Plaintiff to suffer the following
damages: (b) unnecessary permit application fees, (c) Zoning Board of Appeals Application Fee,
(d) lost rental income from this property at a rate of $2,400 monthly $19,200 (5/1/2023 to the
present), (e) her legal time and effort at a rate of $550 per hour approximately 100 hours at the
time of this writing $55,000. (See Westchester Supreme Court case 71446/2023). These actions
devalued my property by approximately $2,000,000.

5. ERIC GORDON THE TOWN ATTOREY VIOLATED PLAINTIFF'S RIGHT TO DUE PROCESS OF LAW **BY REFUSING TO FILE THE NOTICE OF VIOLATION IN CRIMINAL COURT.**

TIME: Between the dates of 4/27/2023 and the date of this writing 2/9/2024 the **Defendant, Eric** Gordon the Attorney for the Town of Bedford New York, The Building Inspector Town of Bedford New York/Albert Ciraco, and Department of Building Bedford **refused to serve Plaintiff with the Criminal Court Summons in th COUnty Of Westchester New York with the Criminal Court located at 321 Bedford Road, Bedford New York.**

**EVENT: Defendants intentional refusal to file and serve a criminal court violation/Summons violated Plaintiff's Due Process of Law in the form of judicial review by a Judge of the Criminal Court.**

**PROOF: If a Summons would have been properly filed in Criminal Court the  Count 7 of EXHIBIT D would have been dismissed. Again,  it is uncontested that BTC § 125-12 does not prohibit the residential apartment in question. EXHIBIT P where Defendants admit it does not apply.**

**LAW: These Defendants knew the code did not apply and therefore intentionally denied the Plaintiff Due Process of Law.**

DAMAGES: The Defendants unlawful actions caused the Plaintiff to suffer the following damages: (b) unnecessary permit application fees, (c) Zoning Board of Appeals Application Fee, (d) lost rental income from this property at a rate of $2,400 monthly $19,200 (5/1/2023 to the present), (e) her legal time and effort at a rate of $550 per hour approximately 100 hours at the time of this writing $55,000. (See Westchester Supreme Court case 71446/2023). These actions devalued my property by approximately $2,000,000.

6. <u>THE DEFENDANTS VIOLATED OF DUE PROCESS UNDER THE 14TH AND 5TH</u>
<u>TO THE UNITED STATES CONSTITUTION **BY AFFIRMING THE BUILDING**</u>
**<u>INSPECTOR INTERPRETATION OF 125-79.1A WHICH WAS A PATENT</u>**
**<u>ERROR OF LAW.</u>**

TIME- On 11/2/2023 at about 8pm at 321 Bedford Road, Bedford Hills, NY in the County of

Westchester NY the Zoning Board of Appeals Bedford New York, Eric Gordon the Attorney for

the Town of Bedford New York, The Building Inspector Town of Bedford New York/Albert

Ciraco, and Department of Building Bedford, and the Town of Bedford


EVENT:  Defendants collectively at the ZBA Meeting **overreached their authority by**

**intentionally and egregiously "inferring" a *criminal* violation of law.**


**<u>Defendants cannot create law by making a negative inference of Bedford Town code</u>**

**<u>125-79.1a *while ignoring* stated Town Codes, and legislative intent Town Code 125-12 Lots,</u>**

**<u>Bedford Town Code 125-79 Accessory Apartments.</u>**


**LAW -Bedford Town Code 125-79 reads:**

"It is the *intention* of this section to permit the creation, subject to the standards listed below,
of accessory apartments in the Town for the purposes of maintaining a supply of small rental
or owner-occupied housing units designed to meet the needs of persons, both young and old,
of moderate income and to permit the efficient use of the Town's housing stock by providing
economic support for owners of larger structures and incentives for maintenance of these
structures."


At this meeting all of the named Defendants affirmed the interpretation of the Building

inspector Albert Ciraco and Town Attorney Eric Gordon by mere inference. EHIBIT H "video

inference clip/admission". The Defendants inferred a criminal code based upon **Bedford Town Code § 125-79.1A:**

> "**In the R-2A and R-4A Districts**, the Planning Board may grant a special permit to create a cottage in an existing accessory building..."

It is uncontested that the property in question **here is zoned residential one acre**. Therefore, this statute explicitly does not apply.  This inference is erroneous.  Taken together with Bedford Town Code 125-12 which permits multiple residence on *undivided parcels* and Bedford 125-79 which *expressly states the legislative intent to create apartments* like the one here.  Further the Defendants had to ignore the R1A zoning designation to infer a violation.

DAMAGES -The Defendants unlawful actions caused the Plaintiff to suffer the following damages: (b) unnecessary permit application fees, (c) Zoning Board of Appeals Application Fee, (d) lost rental income from this property at a rate of $2,400 monthly $19,200 (5/1/2023 to the present), (e) her legal time and effort at a rate of $550 per hour approximately 100 hours at the time of this writing $55,000. (See Westchester Supreme Court case 71446/2023). These actions devalued my property by approximately $2,000,000.

7. **THE DEFENDANTS DEPRIVED THE PLAINTIFF OF HER LAWFUL PROPERTY RIGHTS, RIGHT TO HAVE A RESIDENCE ON EACH RESIDENTIAL ACRE "R1A". AND VIOLATED THE TAKINGS CLAUSE OF THE UNITED STATES CONSTITUTION.**

TIME: On 11/2/2023 at about 8pm at 321 Bedford Road, Bedford Hills, NY in the County of Westchester NY **the Defendants AFFIRMED the permit denial letter EXHIBT B. Is so doing,**

15

EVENT: **the Defendants <u>effectively</u> and illegally re-zoned Plaintiff's Residential one acre "R1A" property to a "R12A" unlawfully and illegally.**

Defendants were acting under color of law, in that the above described conduct was done at an official Zoning Board of Appeals Meeting held in the Court Room for the Town of Bedford New York located at the address listed above. **This EFFECTIVE REZONING is a TANTAMOUNT TO A GOVERNMENTAL TAKING of Plaintiff's lawful and valuable R1A zoning designation/rights.**

**LAW: Due Process 14th and No person shall be deprived of life liberty or property without due process of law". Here there is no code, statute or ordinance that prohibits this apartment.**

**DAMAGES:** As a result Plaintiff suffered economic damages, to wit, approximately $2,000,000 for the inability to utilize her legal residential one acre zoning rights WHICH PREVENTED THE CREATION OF APPROXIMAYELY 4 ADDITIONAL LOTS.

8. <u>VIOLATION OF DUE PROCESS UNDER THE 14TH AND 5TH AMENDMENT to the UNITED STATES CONSTITUTION BY **FAILING TO HEAR THE APPEAL TIMLEY UNDER NEW YORK STATE TOWN CODE 267a.**</u>

TIME: On June 1, 2023 and July 6, 2023 Plaintiff filed a written appeal of the Notice of Violation issued 4/27/2023 said filing occurred at 325 Cherry Street, Bedford Hills New York in the County of Westchester between the hours of 9am and 5pm.

**EVENT:** The Defendants,  **failed to hear Zoning Board Appeal for five months.**

**LAW: This delay effectively denied Plaintiff Due Process of Law. Bedford Town Law**

**Town Law 267-a(5)(b) requires appeals to be heard within 60 days of the filing of the**

**applications. Plaintiff waited 5 months.** This is not a reasonable amount of time under

Bedford Town Law Town Law 267-a(7) states. These local codes are intended to clarify Due

Process right in Zoning Board Appeals. Therefore these law are meant to codify what Due

Process of law means in these local zoning cases. Bedford Town Law Town Law 267-a(5)(b)

states:

> (b) An **appeal shall be taken within sixty days** after the filing of any order,
> requirement, decision, interpretation or determination of the administrative official, **by
> filing with such administrative official and with the board of appeals a notice of
> appeal**, specifying the grounds thereof and the relief sought. The administrative official
> from whom the appeal is taken shall forthwith transmit to the board of appeals all the
> papers constituting the record upon which the action appealed from was taken.

Bedford Town Law Town Law 267-a(7) states:

> 7. Hearing on appeal. The board of appeals shall fix a reasonable time for the
> hearing of the appeal or other matter referred to it and give public notice of such hearing
> by publication in a paper of general circulation in the town at least five days prior to the
> date thereof. The cost of sending or publishing any notices relating to such appeal, or a
> reasonable fee relating thereto, shall be borne by the appealing party and shall be paid to
> the board prior to the hearing of such appeal. Upon the hearing, any party may appear in
> person, or by agent or attorney.

DAMAGES: Said delay caused Plaintiff damages to wit: (b) permit application fees, (c)

zoning board of appeals application fee, (d) lost rental income from this property at a rate of

$2,400 monthly $19,200 to date, (e) her legal time and effort at a rate of $550 per hour

approximately 100 hours at the time of this writing $55,000. (See Westchester Supreme Court

case 71446/2023).

9. VIOLATION OF DUE PROCESS UNDER THE 14TH AND 5TH AMENDMENT to the UNITED STATES CONSTITUTION **DEFENDANTS FAILED TO FILE THE ZBA DECISION TIMELY AND VIOLATED NEW YORK STATE TOWN LAW 267(a)**

TIME: Defendants collectively failed to file Zoning Board decision of 11/2/2023 in the Clerk's Office located at 321 Bedford Road in the County of Westchester NY

EVENT Defendants failed to file the ZBA decision timely, to wit, any time of day before 11/9/2023.

LAW: NEW YORK STATE TOWN **LAW 267(a) (2)   & (9) requires Zoning Board of Appeals Decisions to be filed within 5 days of being rendered. This 11/2/2023 decision should have been filed 11/9/2023.**

New York State Town Law Section 267-a (9) reads:

> "Filing of decision and notice.  The decision of the board of appeals on the appeal shall be filed in the office of the town clerk within five business days after the day such decision is rendered, and a copy thereof mailed to the applicant.

**Plaintiff waited more than 30 days.  This delay nearly prevented and *was intended to prevent judicial review*.** This delay could have denied Plaintiffs ability to bring an Article 78 and or this case under 1983 hearing (since said actions have very short statute of limitations 120/90 respectively).  The Defendants collectively intentionally acted to attempt to deprive the Plaintiff of due process of law, here, the ability to file an article 78 petition.  Defendants collectively violated New York State Town Law Section 267-a (9). This local law is intended to codify the local rights to Due process of law under the 14th and 5th amendments.

This failure to take the appeals timely effectively denied Plaintiff of Due Process of law. Defendants collectively intentionally delayed filing UNTIL AFTER the Article 78 was filed based on the ZBA video.

They intentionally attempted block this article 78 Petition and/or this 1983 action to act was under color of law, in their official capacities. Said Defendant's egregiously and intentionally attempted to prevent Plaintiff from relief and an appeal to which she was entitled as a matter of law.

PROOF: EXHIBIT W filed decision of ZBA meeting 11/2/2023 stamped 12/8/2023 proof of late filing.

DAMAGES: As a result plaintiff suffered economic damages for (a) architecture fees, (b) permit application fees, (c) zoning board of appeals application fee, (d) lost rental income from this property at a rate of $2,400 monthly $19,200 to date, (e) her legal time and effort at a rate of $550 per hour approximately 100 hours by the time of this writing $55,000. (See Westchester Supreme Court case 71446/2023. Further, the defendants actions have devalued Plaintiff's property by approximately $2,000,000.

## DAMAGES

1. DAMAGES
   1. Lost rent at a rate of $2,400 a month from 5/1/2023 to the end of this action.
   2. Lost legal time/my fee at a rate of $550 per hour to be determined at the end of this action (currently $19,200/8 months)
   3. $125,000 in Habitat for Humanity and Housing Action Counsel *incentives* for ADU for which Plaintiff would have qualified and in entitled.
   4. $100,000 in punitive damages for the disrespectful, cruel, malicious, and intentional, actions AND/OR misrepresentations by the Defendants about the Plaintiff including but not limited to court filings 71446/2023)
   5. AND $2,000,000 for illegally devaluing Plaintiff's property from a R1A to only be able to be used as an R12A which devalues Plaintiff property by approximately 4 additional residences/buildable lots at a rate of $500,000 per lot or a total of $2,000,000.
   6. $28,800 in rent annually to be doubled every 7 years in accordance with the statistical rental increase with inflation. To be calculated for 20 years.

## RELIEF SOUGHT

1. Mandamus to Compel the Defendants to allow the Plaintiff to legally file her apartment with the Building Department
2. A writ of Prohibition from further punitive action or retaliation against the Plaintiff as a result of this herein action i.e. future unlawful permit denials, or retaliatory increase property or school tax.
3. Reimbursement for architecture fees $2,500
4. Reimbursement for lost rent to be calculated at a rate of $2,400 month at the time this case is decided.
5. Reimbursement for Plaintiff legal time/legal fees to be calculated at the conclusion of this matter at a rate of $550 per hour currently approximately $55,000.
6. Punitive Damages in the amount of $100,000 to prevent the Defendants from over reaching their authority or acting intentionally punitively in the future. AND $2,000,000 for illegally devaluing Plaintiff's property from a R1A to only be able to be used as an R12A which devalues Plaintiff property by approximately 4 additional residences/buildable lots at a rate of $500,000 per lot or a total of $2,000,000.
7. $28,800 in rent annually to be doubled every 7 years in accordance with the statistical rental increase with inflation. To be calculated for 20 years.

WHEREFORE, Petitioner respectfully requests that the Court Grant Plaintiff motion in its'

entirety and grant any further relief that the court may deem just and proper.

I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. 7 A.

For Parties Without an Attorney I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Katonah, NY 2/2/202

Melanie Hammer, Esq.
146 Goldens Bridge RD
Katonah, NY 10536
melanie@hammer-esq.com
718-757-7677

Bar #4136990

## LIST OF EXHIBITS

1. Exhibit A - Zoning Board Of Appeals Meeting Video as proof of decision since of ZBA decision was not filed by the date of the Petition (Violation of NY State Town Law 267-a-(2) (thumb drive)
2. Exhibit B - permit denial letter – based on 125.79(A)(1) which only regulates R2A and R4A zoning districts and does not apply to my R1A property.
3. Exhibit C - Transcript of Meeting (never provided by the time the Petition was filed)
4. Exhibit D - Notice of Violation – count seven 125-12 supports my use of my property/does not prohibit it
5. Exhibit E - Filed survey stamped and received by town/ All structures are legal
6. Exhibit F - Survey proving that the apartment residence in question is on a **it's own** buildable lot and complies with R1A zoning.
7. Exhibit G - Garage apartment architecture plans
8. **Exhibit H Clip of Zoning Meeting that proves my case the town did not have a legal basis to prohibit my legal use of my R1A zoning (thumb drive)**
9. Exhibit I emails to the building inspector explaining that the apartment is in fact legal
10. Exhibit J emails indicating that the permit denial was referred to the town attorney
11. Exhibit K Second ignored application for a Zoning Appeal dated 7/6/2023
12. Exhibit L Third application for a Zoning Appeals date 9/27/2023
13. Exhibit M emails from town attorney misstating the law of NY State Town Code 267-(a)(2) regarding the five days to file zoning board decision.
14. Exhibit O first ignored application for a Zoning Appeal 6/1/2023 proof of payment and email confirming receipt by the town.
15. Exhibit P video clip where town concedes count 7 of the violation would be dismissed if sent to criminal court/they admit they charged me incorrectly (thumb drive).
16. **Exhibit Q Video Clip of original and complete ZBA vote (rendered decision) 11/2/2023 which proves the written decision was late by approximately 30 days (thumb drive)**
17. Exhibit R video clip of Building inspector explaining that he would deny an application for a phantom subdivision *before* an application was every file (due process) (thumb drive).
18. Exhibit S Building inspector confirming the demolition demanded. This demolition demand was punitive. (thumb drive).
19. Exhibit T video clip where town admits that they have no evidence as to when the apartment residence was constructed (thumb drive)
20. EXHIBIT U – Bedford and Habitat for Humanity Partnership to legalize existing ADUs
21. EXHIBIT V- notice of second cover-up agenda meeting.
22. EXHIBIT V (i) email from Eric Gordon town attorney prohibiting public comment or discussion at that second meeting.
23. EXHIBIT V (ii) email response
24. EXHIBIT W- Zoning Board Resolution from "second" meeting. Proof of filing 12/8/2023 or 37 days late.
25. EXHIBIT X Decision and Order on the article 78 Petition before Westchester Supreme Court

EXHIBIT A
ZONING BOARD OF APPEALS DECISION


The Town Violated New York Town Code 267(5) by <u>not providing</u> the decision in writing to <u>intentionally</u> avoid judicial review.


Available on the web the video decision is available at the following link:
https://mediahttp.iqm2.com/BedfordNY/1665_480.mp4

**EXHIBIT B**



**Town of Bedford**
**Building Department**

## LETTER OF BUILDING PERMIT DENIAL

**PARCEL ID: 49.7-1-3**

09/22/2023

**Owner Information:**
Hammer, Melanie
146 Goldens Bridge Rd
Katonah, NY 10536

**Applicant Information:**
Hammer, Melanie
146 Goldens Bridge Rd
Katonah, NY 10536

**Location:** 146 Goldens Bridge Rd
**Zoning District:** R-1A
**Permit Type:** Building Permit Cottage/Accessory Apartment
**Work Description:** Legalize apartment in an accessory structure and attached deck.

Dear Ms. Hammer,

Regarding the application you filed on September 7, 2023 for a Building Permit to construct a new deck to an existing garage and to legalize a "garage apartment", the following facts are noted: The "garage apartment" would be considered a "Cottage" as defined in Town Zoning Code, Chapter 125, Article 1, Section 125-3. The Cottage was created through the installation of a bathroom, kitchen and creation of a living area without obtaining required approvals from the Town. The application seeks the legalization of a Cottage where a Cottage is not permitted in the Residential One-Acre Zoning District pursuant to Chapter 125, Article VIII, Section 125-79.1.A. In addition, a legal, main dwelling and a legal, pre-existing non-conforming cottage already exists in the Residential One-Acre Zoning District and no more than one cottage may be permitted on any property. Article VIII, Section 125-79.1.A(4). As a result, a use variance pursuant to Chapter 125, Article XII, Section 125-129.C(2)(a)

*Your application for a building permit is DENIED, your project does not meet the requirements of the Town of Bedford Zoning Ordinance. To proceed with your project, please submit a complete application to the Zoning Board of Appeals to address the deficiencies as described above.*

Al Ciraco, Building Inspector

425 Cherry Street, Bedford Hills, NY 10507 - 914.666.8040 – Building@BedfordNY.Gov

EXHIBIT D



Town of Bedford
Building and Code Enforcement
425 Cherry St. Bedford Hills, NY 10507
Phone: 914-666-8040  Email: buildinginsp@bedfordny.gov

Alberto Ciraco, Building Inspector
John Winter, Asst. Building Inspector
Angel Oya, Code Enforcement Officer

Donna M. Monaco, Sr. Office Assist.
Kim Kowalski, Sr. Office Assist.
Michael Repp, Deputy Fire Inspector

**NOTICE OF VIOLATION:** 4/27/2023          **ADDRESS:** 146 Goldens Bridge Rd

Hammer, Melanie
146 Goldens Bridge Rd
Katonah, NY 10536
SBL: 49.7-1-3 Zoned: R-A1

Dear Hammer, Melanie

I am writing this letter to notify you of the Code Violations observed at 49.7-1-3 on April 27, 2023 and remains in place.  Description (facts) of code violations witnessed along with Code sections will be listed below. Please be advised that you will have thirty (30) days from the date on this letter to take the necessary steps to cure these Code Violations. Failure to do so will result in the issuance of an appearance ticket with each subsequent day after the 30 days constituting a new count for each Code Violation. Should you have any questions or concerns please feel free to contact the Building Department.

**One (1) Count of Violating the Code of the Town of Bedford _Chapter 59, Fire Prevention and Building Code, Uniform § 59-8. Building permit required._**
**Fact: Witnessed an apartment with new walls has being built without a Building permit.**

**Two (2) Counts of Violating the Code of the Town of Bedford - _Chapter 89: Plumbing_**
**Fact: Witnessed a working bathroom and kitchen has being installed without a plumbing permit.**

**Three (1) Count of Violating the Code of the Town of Bedford of Bedford - _Chapter 52: Electrical Inspections_**
**Fact: Witnessed electrical service supplying electric to the illegal apartment without an electrical permit.**

**Four (1) Count of Violating the Code of the Town of Bedford _Chapter 52: Electrical Inspections_**
**Fact Witnessed that electrical work has being perform without permit.**

**Five (1) Count of Violating the Code of the Town of Bedford  _Chapter 52: Electrical Inspections_**
**Fact: Witnessed Electrical connections and use without a Certificate of Compliance.**



Town of Bedford
Building and Code Enforcement
425 Cherry St, Bedford Hills, NY 10507
Phone: 914-666-8040  Email: buildinginsp@bedfordny.gov

Alberto Ciraco, Building Inspector                    Donna M. Monaco, Sr. Office Assist.
John Winter, Asst. Building Inspector                 Kim Kowalski, Sr. Office Assist
Angel Oya, Code Enforcement Officer                   Michael Repp, Deputy Fire Inspector

**NOTICE OF VIOLATION:** 4/27/2023          **ADDRESS:** 146 Goldens Bridge Rd

Hammer, Melanie
146 Goldens Bridge Rd
Katonah, NY 10536
SBL: 49.7-1-3 Zoned:

Dear Hammer, Melanie

I am writing this letter to notify you of the Code Violations observed at 49.7-1-3 on April 19, 2023 and remains in place. Description (facts) of code violations witnessed along with Code sections will be listed below. Please be advised that you will have thirty (30) days from the date on this letter to take the necessary steps to cure these Code Violations. Failure to do so will result in the issuance of an appearance ticket with each subsequent day after the 30 days constituting a new count for each Code Violation. Should you have any questions or concerns please feel free to contact the Building Department.

**(1) Count of Violating the Code of the Town of Bedford Code**

_**125-125(B) Building without a permit - 125-125 (B) No building or structure shall be erected, constructed, enlarged, altered, structurally altered, moved or excavation made therefor or work begun thereon until a building permit therefor has been issued by**_

**Fact: 125-125 (B) No building or structure shall be erected, constructed, enlarged, altered, structurally altered, moved or excavation made therefor or work begun thereon until a building permit therefor has been issued by the Building Inspector.**

**Corrective Action Required:** You must apply for building permit with the assistance of a New York State license professional.

Angel Oya
Code Enforcement Officer

**Six (2) Counts of Violating the.** *International Fire Code Section 915.1. Carbon Monoxide detectors required.*
**Fact: Witnessed that the Carbon monoxide/ smoke detectors units were missing.**

**Seven (1) Counts of Violating the Code of the Town of Bedford.** *Chapter 125-12 Lots.*
**Fact: Witnessed the use of a Barn as rental not meeting the Town Code.**

Every building hereafter erected shall be located on a lot, as herein defined. There shall be not more than one main building and its accessory buildings on each minimum size lot, except for nonresidential buildings in districts where such uses are permitted. On one undivided parcel of land in size equal to or greater than twice the minimum acreage as required for the districts established hereunder, no more than two main buildings and their accessory buildings shall be permitted; provided, however, that, in each such instance, all main and accessory buildings must conform to all lot requirements established hereunder the same as if such buildings were placed on two separate and independent parcels of land.

**Corrective Action Required:** You shall either need to remove said apartment and all electrical & plumbing piping and devices or need to legalize said structures by completing & submitting a full Building permit application with 3-sets of drawings stamped and signed by a NYS registered design professional along with a survey showing compliance with all zoning table of dimensional requirements for a R zone district to the Building department for review. Once the permit is issued, a Westchester licensed electrician & plumber shall need to file their respective permit applications with the Building department under the Building permit number.

_____
**Angel Oya**
**Code Enforcement Officer**

EXHIBIT E & F
SURVEY STAMPED 8/30/2000
And
PROOF THAT STRUCTURE IS ON IT'S OWN LOT



EXHIBIT G
apartment architectural drawings

First Floor - Existing
SCALE 1/4" = 1'-0"

Second Floor - Existing
SCALE 1/4" = 1'-0"

Drawing Number: **A-2**

Drawing Title: Floor Plans and Photos

Project Name: Garage apartment
146 Golden's Bridge Road
Katonah, NY

Patrick M. Croke
Architect

EXHIBIT H

One minute Clip of ZBA meeting where the Town
ADMITTED THE DECION WAS NOT BASED ON LAW

Please allow this clip to be sent via email to the parties and the court.

EXHIBIT I

such instance, all main and accessory buildings must conform to al lot requirements established

This is all irrelevant because the structure in grandfathered in. Here I have 12 residential acres and I am NOT erecting a new structure.

Further as I have said extensively I believe I am entitled to these permits as a matter of RIGHT under 125.28 A

It is the intent of this section to permit customary home occupations to be conducted and carried on in an existing dwelling unit or in an existing accessory structure, provided that such customary home occupation does not disturb the residential characteristics and nature of the neighborhood in which it is located.

As you know, apartment disturbs no one and has been in existence for approximately ten years. You have received exactly zero complaints. The apartment is set almost directly in the middle of my 11.69 acres lot! We discussed this in your office, in my interpretation letter, and via email.

You have no legal basis for your denial of my building permits. And there have been delays since JULY. Starting with your refusal to issue a denial letter. MY ZBA AND PB applications we ignored and filed in June. I filed an interpretation letter to which you never responded. I even asked that you issue the summons and consented to electronic service.

Since no action was taken and I was trying to comply with the summon and I applied for a demolition permit which was granted but I was told the demolition required by your office would be close to $30k including "pouring concrete" into preexisting LEGAL pipes and reconfiguring LEGAL wiring for the game room. I was told I was not permitted to do the plumbing demolition work myself. Which exceeds the NY state law.

I have acted within the law. This process has been full of delays and ridiculous interpretations of the law. My permit applications are stamped with a JULY date. I have architect fees, lost rent, and my own legal fees/time spent. At some point I will have to seek punitive and monetary damages.

Please re-read the law and issue the permits to which I am entitled. Under customary use.

Thank you,

NYSCEF DOC. NO. 11

RECEIVED NYSCEF: 11/29/2023

Please consider the environment before printing this email message.

**From:** Melanie Hammer <melanie@hammer-esq.com>
**Sent:** Friday, September 22, 2023 3:55 PM
**To:** Albert Ciraco <aciraco@bedfordny.gov>
**Cc:** Eric L. Gordon <egordon@kblaw.com>; Monaco, Donna <dmonaco@bedfordny.gov>; Kim Kowalski <kkowalski@bedfordny.gov>
**Subject:** Reconsider the law and recouping my expenses

Dear Mr. Ciraco,

Thank you for he denial letter. These delays have cost me significantly. I do not see the basis for your interpretation of the code or the reason for these extensive delays. You direct me to town code 125-3 for accessory apartments (not cottages)- which further shows that the only definition is on the same "lot" and not attached thereto. 125-3

**ACCESSORY APARTMENT**

A single dwelling unit which is incidental and subordinate to a principal one-family residence and located on the same lot therewith, where either unit is occupied by the owner of the premises.

You then directed me to town code section 125.79  Which is relevant only to R2A and R4A lots. I own a R1A lot. Therefore,  this section does not apply to me.

We have been through this. The code that I am charged with violating 125.125 B actually shows that I HAVE THE RIGHT to have my structures. You have ignored the law and have told me to create a subdivision. This is unnecessary since I have not ERECTED a new structure. Your request/directive it is cost prohibitive.

Section 125.125B reads
Every building HEREAFTER erected shall be located on a lot, as herein defined. There shall be not more than one main building and its accessory buildings on each MINIMUM SIZE LOT, except for nonresidential buildings in districts where such uses are permitted.
On one undivided parcel of land in size equal to or greater than twice the minimum acreage required for RESIDENTIAL districts established hereunder, no more than TWO MAIN BUILDINGS and THEIR ACCESSORY BUILDINGS shall be permitted; provided, however, that, in each

EXHIBIT J

NYSCEF DOC. NO. 12                                                      RECEIVED NYSCEF: 11/29/2023

Melanie Hammer
melanie@hammer-esq.com
(718) 757-7677

CONFIDENTIALITY NOTICE:
The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

On Sep 22, 2023, at 4:00 PM, Eric L. Gordon <egordon@kblaw.com> wrote:

Ms. Hammer:

Please be advised that I am the Town Attorney for the Town of Bedford.  This matter has been referred to my office.  I will review your email and provide a response as soon as possible.

Eric Gordon

Eric L. Gordon
Principal Member

—

**Serving the Hudson Valley and Beyond for over 40 Years**

445 Hamilton Avenue, Suite 1500
White Plains, NY 10601

(914) 946-4777  Ext: 335
(914) 946-6868 (Fax)
egordon@kblaw.com
www.kblaw.com
Follow us on Twitter
Follow us on Facebook
Follow us on LinkedIn

PERSONAL & CONFIDENTIAL
The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable privileges. If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its attachments without saving, distributing or copying in any manner.

Melanie Hammer
melanie@hammer-esq.com
(718) 757-7677

CONFIDENTIALITY NOTICE:
The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

On Sep 22, 2023, at 11:57 AM, Kowalski, Kim <kkowalski@bedfordny.gov> wrote:

Hello,

Attached is the Building Permit Application Denial Letter from Al Ciraco, Building Inspector.

The original signed letter is being mailed to you as well.

*Thank you,*

Kim M. Kowalski
Town of Bedford
Building ~ 914.666.8040
ZBA ~ 914.666.4585
425 Cherry Street
Bedford Hills, NY 10507

**From:** Melanie Hammer <melanie@hammer-esq.com>
**Sent:** Wednesday, September 20, 2023 9:14 AM
**To:** Ciraco, Albert <aciraco@bedfordny.gov>
**Cc:** Eric L. Gordon <egordon@kblaw.com>; Monaco, Donna <dmonaco@bedfordny.gov>;

EXHIBIT K



**TOWN OF BEDFORD**
**ZONING BOARD OF APPEALS**

Pd $400
cNc 542
Rec 6/6/23

RECEIVED

JUL - 6 2023

Bedford Zoning
Board of Appeals

425 Cherry Street, Bedford Hills, NY 10507
Kim Kowalski, Secretary ~ zoning@bedfordny.gov ~ 914-666-4585

## APPLICATION FOR A VARIANCE

1. **Name of Owner:** _Melanie Hammer_

   Address: _146 Goldens Bridge Rd_

   Telephone: _718 757 7677_  Email: _melanie@hammer-esq.com_

2. **Name of Applicant** (if other than Owner): _____

   Address: _____

   Telephone: _____  Email: _____

3. **Name of Professional** (New York State Licensed Architect, Engineer, Land Surveyor, Landscape Architect):

   _Patrick Croke_

   Address: _20 Woodsbridge Rd Katonah NY 10536_

   Telephone: _____  Email: _____

4. **Identification Property:**

   Street Address: _____

   Tax ID: _49 7_  Zoning District: _1_  Total Land Area: _3_

   Is the property located in a designated Historic District: Yes _____ No _✓_

   Age of the Building: _more than 100 years_

   % of  Building Coverage: _____  % of Impervious Surface _____

   Property Abuts a State or County highway, parkway, thruway or park: Yes _____ No _✓_

   Property is within 500 feet of the boundary of the Town of Bedford:  Yes: ____ No: _✓_

   Property is on the _____ side of _____ within the unincorporated area of the Town of Bedford.

**ZONING BOARD OF APPEALS**
**APPLICATION FOR A VARIANCE**
Page 2

**5. Request:**

The applicant requests that the Board approve the issuance of a Variance under the following section of the Code of the Town Bedford:

Article: __125.79(A)__     Section: _____

**To Permit:** _a permit to legalize an existing accessory apartment in my single family recreation room in compliance with allowed for under 125.79(A) but in this case my recreation room is in on my detached garage. – request variance – to include recreation space accessory apartment in detached garage._

**6. Plans required:**

Include six copies of existing survey, site plan with the complete zoning table and coverage calculations (see attached calculation spreadsheet) and NYS Registered Design Professional stamp, building elevations and floor plans.

**7. Public Notice:**

Notice of the public hearing shall be published at least 10 days prior to the hearing in the Town newspaper and shall be mailed by the applicant at least 10 days prior to the hearing to all owners of property within 500 feet of the perimeter of the subject lot. The expense of publishing and mailing any notice shall be paid by the applicant, who shall file an affidavit of mailing with the Board Secretary prior to the hearing.

**8. Fees:** As required by Fee Schedule Town of Bedford Code
           (checks payable to the Town of Bedford)

**Variance:**

Residential:     $400.00

Commercial:     $600.00

RECEIVED
JUL - 6 2023
Bedford Zoning
Board of Appeals

*Please note:* A representative must attend the hearing to present this application.

_____     _6/1/2023_
Signature of Owner    Melanie Hammer     Date

_____     _6/1/2023_
Signature of Applicant     Date

Revised 1/14/22

# Melanie Hammer, Esq.
146 Goldens Bridge Rd
Katonah NY 10536
718-757-7677
melanie@hammer-esq.com

Zoning Board Of Appeals
425 Cherry Street
Bedford Hills, NY 10507



To Whom It May Concern;

**Request for A Special Use Permit for an Accessory Apartment**
I appeal to this Board to request a Special Use Permit to legalize an *existing* Accessory
Apartment located in the recreation room of my single family home. My lot is 11.692 acres and
is zoned R-1A. Therefore, I am drastically underutilizing the property, in merely requesting an
accessory apartment permit. I was orally denied this permit 5/31/2023 by both the Building
Department Supervisor and the Deputy Supervisor. In reading the code, I believe I am entitled
to apply for this permit, as a matter of right, under Section 125.79. My legal recreation room
above a detached garage, is part of the living space on file with the Bedford Department of
Buildings for my "single family residence". I believe the fact that my recreation room is in a
*detached* part of my single family home has caused some confusion with Code Enforcement
and the Building Department. I was issued a citation for allegedly violating section 125.12(A)
which does not apply to me, this situation or my property.

Here I apply for an accessory apartment permit under 125.79 **"In all residential districts the
planning board may grant a special permit to create an accessory apartment in an
existing single family dwelling...."**. The code then differentiates "accessory structure" from
single family dwelling". The code did not contemplate legal "living space" filed with the town *as
part of* my single family dwelling despite also being in a "detached structure". Situations in which
the code is silent or the code is contradictory is the very reason that a Zoning Board is needed.
Therefore I come to you.

The apartment that I seek to legalize is in the spirit of Bedford Town Code 125.79 stated
intention "It is the intention of this section to permit the creation.... of accessory apartments in
the town for purposes of maintaining a supply of small or owner occupied rental units...."
4) **Under section 125-45(14) the zoning board may permit a customary home occupation
in an accessory structure which *has existed for at least five years*, and in the opinion of
the planning board, meets all conditions of this section.** In evaluating the proposal the
Planning Board shall consider whether an accessory structure's use for a customary home
occupation will *alter the existing residential character of the neighborhood.*

this Board to apply reason to this matter (which is the Board's reputation). The apartment in question is:

1. Approximately Ten (10) years old.
2. There has been NO negative impact on the community/ NO complaints during that time.
3. Does not change the community character.
4. Promotes and creates housing in accordance with the Town Code Section 125.79.
5. On an 11 acre property zoned for 1 acres lots and we use less than 2 percent for building coverage (see survey)

Since all systems have been in place and operational for many years we are "conclusively showing" that there is no environmental impact.

**Bedford Town Code 125.12 -does not apply**
1) This section refers to newly constructed structures. The code states in relevant part, "Every Building *hereafter erected*". My home/ structures located thereon was/were built in approximately 1900, which predates the code.
2) This section says that "there shall not be more than one main building and its accessory buildings on each minimum lot size". My home is 11.69 acres and zoned R-1A. Therefore I vastly underutilized the property, which could conceivably hold 11 lots AND " their accessory structures". Therefore this section does not apply to my situation.

**Financial Hardship**
It is a financial hardship to lose this rental income on this property which is a significant source of my total income. I bought this home and shortly thereafter became divorced. My family relies on me and I on this property to pay land tax and upkeep of our property. The town's interest in home maintenance is also contemplated in 125.79 of the Town Code. Therefore, I hope that you will consider this. I appreciate your consideration of the same when evaluating my application.

**Conclusion**
Therefore I ask this board to (1) grant my accessory apartment application; (2) in the alternative grant any such variance that the Board deems necessary to grant this application (see attached application for variance; (3) dismiss the wrongfully issued violation of section 125.12, and for any further relief this Board deems necessary.

Respectfully submitted,

EXHIBIT L



**TOWN OF BEDFORD**
**ZONING BOARD OF APPEALS**

425 Cherry Street, Bedford Hills, NY 10507
Kim Kowalski, Secretary ~ zoning@bedfordny.gov ~ 914-666-4585

## APPLICATION FOR A VARIANCE

1. **Name of Owner:** Melanie Hammer

   **Address:** 146 Goldens Bridge Rd Katonah NY

   **Telephone:** 778 757 7677 **Email:** melanie@hammer-esq.com

2. **Name of Applicant** (if other than Owner): _____

   **Address:** _____

   **Telephone:** _____ **Email:** _____

3. **Name of Professional** (New York State Licensed Architect, Engineer, Land Surveyor, Landscape Architect):

   Patrick Croke

   **Address:** 20 Woodsbridge Rd Katonah NY

   **Telephone:** 914-234-6083 **Email:** predominet patrick@pmc
   architect.com

4. **Identification Property:**

   **Street Address:** 146 Goldens Bridge Rd Katonah NY

   **Tax ID:** 49.7 . block 1 lot 3 **Zoning District:** R-1A **Total Land Area:** 11.692

   **Is the property located in a designated Historic District:** Yes ____ No ✓

   **Age of the Building:** approx 100 years

   **% of Building Coverage:** 1.5% **% of Impervious Surface** 5.21%

   **Property Abuts a State or County highway, parkway, thruway or park:** Yes ____ No ✓

   **Property is within 500 feet of the boundary of the Town of Bedford:** Yes: ___ No: ✓

   **Property is on the _____ side of _____ within the unincorporated area of the Town of Bedford.**

**ZONING BOARD OF APPEALS**
**APPLICATION FOR A VARIANCE**
Page 2

5. **Request:**
The applicant requests that the Board approve the issuance of a Variance under the following section of the Code of the Town Bedford:

Article: <u>125.28 A</u>   Section: _____

**To Permit:**

<u>Please see attached request</u>
<u>appeal decision of Building inspector's</u>
<u>denial of building permit</u>

6. **Plans required:**
Include six copies of existing survey, site plan with the complete zoning table and coverage calculations (see attached calculation spreadsheet) and NYS Registered Design Professional stamp, building elevations and floor plans.

7. **Public Notice:**
Notice of the public hearing shall be published at least 10 days prior to the hearing in the Town newspaper and shall be mailed by the applicant at least 10 days prior to the hearing to all owners of property within 500 feet of the perimeter of the subject lot. The expense of publishing and mailing any notice shall be paid by the applicant, who shall file an affidavit of mailing with the Board Secretary prior to the hearing.

8. **Fees:** As required by Fee Schedule Town of Bedford Code
(checks payable to the Town of Bedford)

**Variance:**

Residential:   $400.00

Commercial:   $600.00

**Please note:** A representative must attend the hearing to present this application.

_____        9/27/2023
Signature of Owner                              Date

_____        9/27/2027
Signature of Applicant                           Date

Revised 1/14/22

NYSCEF DOC. NO. 14                                                                RECEIVED NYSCEF: 11/29/2023

**Town of Bedford**
Zoning Board of Appeals
Building/Impervious Surface Calculations

Property Address: 146 Goldens Bridge Rd Katonah NY 10536

| | |
|---|---|
| Lot Area Square Footage: | 509,304 |
| Lot Size - Acreage: | 11.69 acres |

**Building Coverage Calculations**
Add up all square footages (footprint) of all structures (ex. buildings, pergolas, arbors, generators, condensers, etc.) :

| List Structures | Existing Building Coverage Square Feet | Proposed Building Coverage Square Feet |
|---|---|---|
| *[handwritten, illegible]* | | |
| please see attached plans | NO CHANGE | |
| | | |
| | | |
| | | |
| Totals: | *[illegible]* | 1.5% |
| Total % of Existing and Proposed Building Coverage: | no Change to existing | |

**Impervious Surface Calculations**
Surfaces, improvements and structures that cannot effectively infiltrate rainfall, snowmelt and water (e.g. pavement, sidewalks, paved driveways, etc.). List each surface existing and proposed on the property.

| List Hardscape Items | Existing Impervious Coverage Square Feet | Proposed Impervious Coverage Square Feet |
|---|---|---|
| Enter total Building Coverage sq ft from above: | | |
| See attached plans | | |
| | | |
| | | |
| Totals: | | |
| Total % of Existing and Proposed Impervious Surface Coverage: | 5.21% | No Change to existing |

Rev. 7/22/2022

Melanie Hammer, Esq.
146 Goldens Bridge Road
Katonah, NY 10536

Zoning Board of Appeals
425 Cherry Street
Bedford Hills, NY 10507

September 25, 2023

RE: ATTACHMENT TO APPLICATION ZBA APPLICATION

Please accept this addendum to the Permit/variance application. I make these requests on my own behalf. I thank you for your careful consideration of the same.

**1. REQUEST FOR VARIANCE FOR A CUSTOMARY HOME OCCUPATION/ PERMIT UNDER 125.28**

It is the intent of this section to permit customary home occupations to be conducted and carried on in an existing dwelling unit or in an existing accessory structure, provided that such customary home occupation does not disturb the residential characteristics and nature of the neighborhood in which it is located.

It is uncontested in the instant case that the apartment has been in existence for approximately TEN (10) years and there have been zero complaints during that time. The apartment is almost exactly in the middle of the 11.692 acre lot. Therefore, it has no impact on the neighbors.

Therefore, I request a variance for the same under 125.28 for the Bedford Town Code.

APPEAL/REQUEST TO DISMISS COUNT SEVEN OF THE VIOLATION

I am writing to appeal the denial of my permit application. I have been charged with violation of Chapter 125-12 Lots of the Bedford Town Code. This section of the law does not apply to my property or my use thereof. That section, as stated on the face of the violation itself, states:

"Every building hereafter erected shall be located on a lot, as herein defined. There shall be not more than one main building and its accessory buildings on each minimum size lot, except for nonresidential buildings in districts where such uses are permitted. On one undivided parcel of land in size equal to or greater than twice the minimum acreage as required for the districts established hereunder, no more than two main buildings and their accessory buildings shall be permitted; provided, however, that, in each such instance, all main and accessory buildings must conform to all lot requirements established hereunder the same as if such buildings were placed on two separate and independent parcels of land."

NYSCEF DOC. NO. 14                                    RECEIVED NYSCEF: 11/29/2023

Here, I have a nearly 12 acre lot zoned R-1A. I have not erected any new structures. My outbuildings have existed and pre-date the code. See 125-11(4). And were built approximately 100 years ago. All structures appear on the survey that has been on file with the town for decades. This is uncontested.

Therefore, I ask that count seven of the violation be dismissed as inapplicable/incorrectly charged.

## 2. REQUEST FOR INTERPRETATION OF THE LAW/ APPEAL DEPARTMENT OF BUILDINGS

I have been denied the ability to legalize my existing accessory apartment. The town's denial letter point to section 125.79 1(A)(10 of the Bedford Code to as the basis for this denial.

> § 125-79.1 Cottages.
> [Added 7-25-1989]
> A. In the R-2A and R-4A Districts, the Planning Board may grant a special permit to create a cottage in an existing accessory building, provided that:
> (1) The accessory building in which the cottage is to be located shall have been in existence prior to the adoption of this chapter. No permit for a cottage shall be granted until five years after the construction of the accessory building, including all additions.

I do not see how this section is applicable to the instant matter. My structure and the apartment have been in existence for more than five years AND I am not in a R2A or R4A district. I am not charged in the violation with violation of this code.

Further, Please see the code section, 125.79

> It is the intention of this section to permit the creation, subject to the standards listed below, of accessory apartments in the Town for the purposes of maintaining a supply of small rental or owner-occupied housing units designed to meet the needs of persons, both young and old, of moderate income and to permit the efficient use of the Town's housing stock by providing economic support for owners of larger structures and incentives for maintenance of these structures. To achieve these goals and to promote the other objectives of the Zoning Ordinance to serve the health and welfare of the Town's people, the regulations below have been created.

Therefore, it would seem that the apartment that I have in the garage would be in the spirit of the town code. And would not violate the code. I rely on this income to maintain my home and property. Therefore, I am appealing the denial letter under section 125.79

**3. REQUEST TO COMPLY WITH THE REST OF THE VIOLATION AND OBTAIN PERMITS FOR EXISTING PLUMBING, WIRING, PARTITIONS.**

I appeal the denial of the issuance of the building, plumbing, and electrical permits. Here, the electric panel is on file with the Department of Buildings and the structure even has a separate electric meter. Therefore, we are in compliance with the code. If the Board finds that additional permits are required we ask in the alternative for said permits to be issued so that I may comply with the violation.

I appeal the denial of the plumbing permits. This structure always had plumbing for the stables. Therefore, I ask that said permit be issued so I may comply with the violation.

I appeal the denial of the building and deck permits. I would like to comply with the violation.

**4. APPEAL DENIAL OF DECK PERMIT**

**5. ANY AND ALL OTHER REMEDIES THAT THE BOARD BELIEVES ARE JUST AND PROPER. RESERVE RIGHTS.**

Sincerely

Melanie Hammer, Esq.

EXHIBIT M
Emails from town attorney misstating New York State Town Law 267A

CONFIDENTIALITY NOTICE:
The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

On Nov 27, 2023, at 12:21 PM, Eric L. Gordon <egordon@kblaw.com> wrote:

Mr. Hammer:

I hope you had an enjoyable Thanksgiving holiday.  I apologize about the delay in sending this response due to the holiday.

Once again, NYS Town Law §267-a(8) states that the Board has 62 days from the date of the public hearing to issue its determination.  Such determination of the Board must then be filed within five (5) days and provided to you.  (Town Law §267-a(9).  As a matter of course, until there is a written determination rendered, the five (5) day filing deadline is not applicable.  As you were advised previously, the appropriate Town representatives have been working diligently to issue a written determination and my understanding is that the Board of Appeals will be issuing written minutes reflecting the discussion and determination made at the meeting on November 2, 2023, in the next few days, which minutes will be timely filed and provided to you.

In addition, a formal written Resolution setting forth the Board of Appeals' findings of facts and conclusions will be considered and voted on by the Board of Appeals at its next meeting on December 7, 2023.  That Resolution, assuming it is approved on December 7, will also be timely filed and provided to you.  Please be advised that no further public discussion of this matter will be permitted at the December 7, 2023 Board of Appeals meeting.

To the extent you assert that your rights have been violated or the that the Town has acted improperly in any way or caused you damages, such contentions are categorically denied.

Eric Gordon

Eric L. Gordon
Principal Member

**KEANE BEANE** P.C.
ATTORNEYS AT LAW

Serving the Hudson Valley and Beyond for over 40 Years

445 Hamilton Avenue, Suite 1500
White Plains, NY 10601
(914) 946-4777 Ext: 335
(914) 946-6868 (Fax)
egordon@kblaw.com
www.kblaw.com
Follow us on Twitter
Follow us on Facebook
Follow us on LinkedIn

PERSONAL & CONFIDENTIAL
The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable privileges. If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its attachments without saving, distributing or copying in any manner.

Please consider the environment before printing this email message.

**From:** Melanie Hammer <melanie@hammer-esq.com>
**Sent:** Wednesday, November 22, 2023 7:10 AM
**To:** Kim Kowalski <kkowalski@bedfordny.gov>; Albert Ciraco <aciraco@bedfordny.gov>
**Cc:** Eric L. Gordon <egordon@kblaw.com>; Ellen Calves <ezcalves@gmail.com>
**Subject:** Third request and Fwd: Written denial second request

Good Morning,

Please accept this writing as my third formal request for a written denial of my permit application. This should be easy to draft since the board merely confirmed and upheld the original denial letter issued by your office. This is a one line determination. "Interpretation affirmed. Variance and permit denied."

Follow us on Facebook
Follow us on LinkedIn

PERSONAL & CONFIDENTIAL
The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable privileges.  If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its attachments without saving, distributing or copying in any manner.

  Please consider the environment before printing this email message.

Mr. Gordon,

Please explain your prior email. I understand that you categorically deny violating my rights. I want to make sure my application is being treated the same as others (due process).

I understand you to have said that:
1. The ZBA has not made a final determination or rendered its decision on my application.
2.  The vote November 2, 2023 at the ZBA meeting was not a final determination.
2. That the Board will "issue" or render a decision at the next board meeting December 7, 2023.
3. And that no further argument or information can be provided at (or prior to) that meeting.
4. All of the other applications will be treated the same. And all of the prior applications have been treated the same /re-voted at the subsequent meeting without argument.

Please confirm that the above is a correct understanding of your email.

Please answer the following questions as well.

Please tell me where the other written ZBA decisions have been filed from past meetings. I would like to see how long they generally take to get filed. I can not find any written decisions from these meetings online.

Please show me where the town finds the definition for the term "residential one acre" or R1A to mean 1 residence per parcel rather than per minimum lot size.

If my rights are not being violated these answers should be very easy.


Melanie Hammer
melanie@hammer-esq.com

EXHIBIT O

**From:** Allen, Shea  sallen@bedfordny.gov
**Subject:** RE: Accessory Cottage
**Date:** June 1, 2023 at 2:44 PM
**To:** Melanie Hammer  melanie@hammer-esq.com
**Cc:** Youngblood, Jesica  jyoungblood@bedfordny.gov

Received.  Thank you.

**From:** Melanie Hammer <melanie@hammer-esq.com>
**Sent:** Thursday, June 1, 2023 2:31 PM
**To:** Allen, Shea <sallen@bedfordny.gov>
**Cc:** Youngblood, Jesica <jyoungblood@bedfordny.gov>
**Subject:** Re: Accessory Cottage

| **CAUTION:** | External sender. |

Enclosed, please find the items requested. I will file hardcopies and a check with the town today.

Thank you,


Melanie Hammer
melanie@hammer-esq.com
(718) 757-7677


CONFIDENTIALITY NOTICE:
The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.




On May 10, 2023, at 12:21 PM, Allen, Shea <sallen@bedfordny.gov> wrote:


Good afternoon Ms. Hammer,

Attached are the forms necessary to apply for a Special Use Permit for your cottage.  In addition to the completion of these forms, you will also need to submit the following:

-a brief narrative of any proposed action
-a prepared survey of your property
-plans drafted by an engineer or architect
-$200 application fee
-we will need (3) hard copies of all paperwork submitted, as well as a digital copy

If you have any questions, please feel free to contact me.

Best regards,

Shea Allen
(914) 666-4434
Town of Bedford
Planning & HBPC
425 Cherry St.
Bedford Hills, NY 10507

<environ_clearance_form.pdf>
<Plng_Special_Use_Applic.pdf>

1120

**TOWN OF BEDFORD-BUILDING**
425 CHERRY STREET
BEDFORD HILLS, NY 10507
914-666-8040

DATE 6/1/23    $ 200

RECEIVED FROM _Melanie Hammer_

_149 Coldens Bridge Rd._

_Special use permit - cottage_

DOLLARS
☐ CASH
☐ CHECK
☐ M.O.
☐ CREDIT CARD

FOR _____ $ _____

AMOUNT OF ACCOUNT _____ $ _____

AMOUNT PAID _____ $ _____

BALANCE DUE _____

Thank You! #536

BY _Shea_

EXHIBIT EXHIBITS "P" THRU "T"

VIDEO CLIPS OF ZONING BOARD OF APPEALS MEETING 11/2/2023

TO BE SUPPLIED TO THE COURT AS THE COURT DIRECTS

EXHIBIT EXHIBITS U
BEDFORD'S PARTNERSHIP WITH HABITAT FOR HUMANITY AND THE HOUSING ACTION COUNCIL

**Home**

Posted on: November 27, 2023

## Assistance Available to Add Accessory Dwelling Unit in Your Home

The Town of Bedford in collaboration with the Housing Action Council and Habitat for Humanity is helping homeowners of modest means develop and/or bring up to code an Accessory Dwelling Unit (ADU) to help provide them income and stay in their homes. ADUs/accessory apartments can help stabilize housing expenses, safely house a family member or friend, and expand housing opportunities in Bedford.



**Tools**

RSS

Notify Me®

**Categories**

- All Categories
- Home
- Recreation & Parks - Upcoming Events & Announcements
- Finance
- DPW
- Senior News & Notes
- Comprehensive Plan

NYS funding is available for each assisted property (including both technical assistance and construction costs).

If you are interested, read more here and email Habitat for Humanity for more information.

**Program Flyer** (PDF)

**Westchester County Habitat for Humanity**

⇐ **Previous**
Westchester County Senior Hall of Fame - Bedford Awardees

**Next** ⇒
Bedford Hills-Katonah Sewer Phase II Construction to Begin

**Other News in Home**

**Happy Holidays from the Bedford Police Department** 
Posted on: December 21, 2023

Select Language ⌄

Go :gle Translate

DONATE NOW

# Plus One ADU

*Para leer esta información en español, haga clic aqui*

Westchester County Habitat for Humanity has launched our Accessory Dwelling Unit (ADU) development program.

In partnership with the NYS Housing Trust Fund Corporation, Housing Action Council and select municipalities, Westchester Habitat will coordinate the construction of accessory apartments on the properties of low- to moderate-income residents of **Bedford, Dobbs Ferry, Hastings-on-Hudson** and **Irvington**. These homeowners may seek to house a family member or caregiver, age in place with additional supplementary income, provide affordable workforce housing, or be struggling to maintain the affordability of their homes due to rising costs.





## ADUs may be:

- Basement, attic, or other interior apartments
- Garage conversions
- Small stand-alone units on a single-family lot
- Any other permitted unit type

EXHIBIT EXHIBITS V
NOT PERMITTED AT 12/8/2023 ZBA MEETING

melanie@hammer-esq.com
(718) 757-7677


CONFIDENTIALITY NOTICE:
The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.



On Nov 27, 2023, at 12:21 PM, Eric L. Gordon <egordon@kblaw.com> wrote:


Ms. Hammer:

I hope you had an enjoyable Thanksgiving holiday.  I apologize about the delay in sending this response due to the holiday.

Once again, NYS Town Law §267-a(8) states that the Board has 62 days from the date of the public hearing to issue its determination.  Such determination of the Board must then be filed within five (5) days and provided to you.  (Town Law §267-a(9).  As a matter of course, until there is a written determination rendered, the five (5) day filing deadline is not applicable.  As you were advised previously, the appropriate Town representatives have been working diligently to issue a written determination and my understanding is that the Board of Appeals will be issuing written minutes reflecting the discussion and determination made at the meeting on November 2, 2023, in the next few days, which minutes will be timely filed and provided to you.

In addition, a formal written Resolution setting forth the Board of Appeals' findings of facts and conclusions will be considered and voted on by the Board of Appeals at its next meeting on December 7, 2023. That Resolution, assuming it is approved on December 7, will also be timely filed and provided to you.  Please be advised that no further public discussion of this matter will be permitted at the December 7, 2023 Board of Appeals meeting.

To the extent you assert that your rights have been violated or the that the Town has acted

"$\mathbb{V}$" — pmt (I)

Follow us on Facebook
Follow us on LinkedIn

PERSONAL & CONFIDENTIAL
The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable privileges.  If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its attachments without saving, distributing or copying in any manner.

Please consider the environment before printing this email message.

Mr. Gordon,

Please explain your prior email. I understand that you categorically deny violating my rights. I want to make sure my application is being treated the same as others (due process).

I understand you to have said that:
1. The ZBA has not made a final determination or rendered its decision on my application.
2.  The vote November 2, 2023 at the ZBA meeting was not a final determination.
2. That the Board will "issue" or render a decision at the next board meeting December 7, 2023.
3. And that no further argument or information can be provided at (or prior to) that meeting.
4. All of the other applications will be treated the same. And all of the prior applications have been treated the same /re-voted at the subsequent meeting without argument.

Please confirm that the above is a correct understanding of your email.

Please answer the following questions as well.

Please tell me where the other written ZBA decisions have been filed from past meetings. I would like to see how long they generally take to get filed. I can not find any written decisions from these meetings online.

Please show me where the town finds the definition for the term "residential one acre" or R1A to mean 1 residence per parcel rather than per minimum lot size.

If my rights are not being violated these answers should be very easy.


Melanie Hammer



# TOWN OF BEDFORD
# ZONING BOARD OF APPEALS
# MEETING AGENDA

### Court Room at 321 Bedford Road, Bedford Hills and via ZOOM

-Zoom access: https://zoom.us/j/8086378136
-Meeting ID: 808 637 8136 (no password needed)
-Listen only, dial: 1-646-558-8656
-View the live stream & meeting materials: http://bedfordny.iqm2.com/Citizens/Default.aspx

### Thursday, December 7, 2023, at 7:30 pm

**DISCUSSION:**

1.  **7:30 pm**   **Melanie Hammer**
    **146 Goldens Bridge Road, Katonah**
    **Section-Block-Lot: 49.7-1-3, *Residential 1-Acre Zoning District***
    Review and consider adoption of resolution for *Melanie Hammer, 146 Goldens Bridge Road* application that was before the Board on 11/2/23.

**NEW APPLICATIONS:**

2.  **7:45 pm**   **Chris Lacovara & Sam Green**
    **55 Holly Branch Road, Katonah**
    **Section-Block-Lot: 50.8-1-4; *Residential Four-Acre Zoning District***
    The applicants are requesting a variance to permit the installation of a generator which results in a front yard setback of 26' where 75' is required in the Residential Four-Acre Zoning District. Article V Section 125-50

3.  **8:00 pm**   **Christopher & Jennifer Cramer**
    **32 The Terrace, Katonah**
    **Section-Block-Lot: 49.19-4-13; *Residential Quarter-Acre Zoning District***
    The applicants are requesting a variance to permit the replacement of a screened-in porch, balcony with new trellis and wood deck to a pre-existing, legal, nonconforming residence which creates an increase in the dimensional nonconformity of the residence and where the lot does not meet the minimum 75' Effective Square requirement where the lot width/frontage at The Terrace is 50' where 75' is required in the Residential Quarter-Acre Zoning District; and where the porch and deck replacement lesser side yard setback results in 9' where 15' is required and where the combined side yard setback results in 22.83' where 35' is required in the Residential Quarter-Acre Zoning District; and where converting the covered porch to a mudroom utilizing the same footprint and constructing a roof above the porch landing results in a side yard setback of 13.83' where 20' is required in the Residential Quarter-Acre Zoning District. Article III Section 125-11D and Article V Section 125-50

4.  **8:15 pm**   **Trinity Presbyterian Church**
    **325 West Patent Road, Bedford**
    **Section-Block-Lot: 83.9-1-2; *Residential Four-Acre Zoning District***
    The applicant is requesting an amendment to the existing Special Use Permit, in accordance with Article VIII Section 125-83 of the Town of Bedford Zoning Ordinance,



EXHIBIT W
Zoning Board of Appeals Decision 11/2/2023 "ZBA"
Filing stamp 12/8/2023

NYSCEF DOC. NO. 45                                                              RECEIVED NYSCEF: 12/27/2023




RECEIVED

DEC - 8 2023

## Westchester County, New York
## Town of Bedford

LISBETH FUMAGALLI, TOWN CLERK
TOWN OF BEDFORD, NEW YORK

### ZONING BOARD OF APPEALS

**Resolution #11-23 Two**
**Appeal of Building Inspector's Determination Denying**
**Application to Legalize the Conversion of a Second Floor**
**Recreation Room of a Legal Garage into a Cottage and**
**Request for Use Variance**

**Melanie Hammer**
**146 Goldens Bridge Road, Katonah**
**Section-Block-Lot: 49.7-1-3**

At the Board of Appeals meeting dated December 7, 2023, the following motion was made by Ms. Lee and seconded by Mrs. Spano:

**WHEREAS**, the applicant, Melanie Hammer ("Applicant"), is the owner of property located at 146 Goldens Bridge Road, Katonah, New York, as described on the Town of Bedford Tax Map as Lot 49.7-1-3 (the "Property"); and

**WHEREAS**, the Property is located in the R-1A (one acre) Zoning District; and

**WHEREAS**, on April 27, 2023, the Town of Bedford issued a Notice of Violation with respect to violations on the Property concerning, among other things, the unauthorized conversion of a second floor recreation room in a legally existing garage into an apartment based upon the failure to obtain appropriate building permits and based on a violation of Town Code Chapter 125-12, which states that there shall not be more than one main building and its accessory buildings on each minimum size lots; and

**WHEREAS**, on July 6, 2023, as revised September 7, 2023, the Applicant filed a building permit application seeking to allow the conversion of a legal garage second floor recreation room into a cottage and deck (the "Building Permit Application") on the Property; and

**WHEREAS**, on September 22, 2023, the Building Inspector issued a Letter of Building Permit Denial, with respect to the Building Permit Application stating pursuant to Section 125-79.1.A of the Town Code a cottage is not permitted in the R-1A Zoning District (the "Building Permit Denial"), and

**WHEREAS**, the Building Permit Denial states in full as follows:

> Regarding the application you filed on September 7, 2023, for a Building Permit to construct a new deck to an existing garage and to legalize a "garage apartment", the following facts are noted: The "garage apartment" would be considered a "Cottage" as defined in Town Zoning Code, Chapter 125, Article 1, Section 125-3. The Cottage was created through the installation of a bathroom, kitchen and creation of a living area without obtaining

required approvals from the Town. The application seeks the legalization of a Cottage where a Cottage is not permitted in the Residential One-Acre Zoning District pursuant to Chapter 125, Article VIII, Section 125-79.1.A. In addition, a legal, main dwelling and a legal, pre-existing non-conforming cottage already exists in the Residential One Acre Zoning District and no more than one cottage may be permitted on any property. Article VIII, Section 125-79.1.A(4). As a result, a use variance pursuant to Chapter 125, Article XII, Section 125-129.C(2)(a) [is required].

**WHEREAS**, on October 4, 2023, the Applicant submitted an application to the Zoning Board of Appeals ("Zoning Board") appealing the Building Permit Denial and seeking to legalize the conversion of a legal garage with second floor recreation room into an apartment where a legal, main dwelling and a legal, pre-existing, nonconforming cottage already exist in the R 1-A Zoning District (the "Application"); and

**WHEREAS**, the Application first sought the dismissal of the Notice of Violations issued by the Building Department on April 27, 2023; and

**WHEREAS**, this Board of Appeals does not have jurisdiction to dismiss any counts set forth in the Notice of Violations, which may only be determined by the Town Justice Court to the extent the instant Application does not overturn the Building Inspector's Denial of the Building Permit Application; and

**WHEREAS**, the Application also requested an interpretation pursuant to Chapter 125, Article III, Section 129.C(1)(b), from the Building Inspector's Building Permit Denial, that a cottage is not permitted in a R-1A Zoning District pursuant to Chapter 125, Article VIII, Section 125-79.1.A,

**WHEREAS**, the Application also sought variances from Chapter 125, Article VIII, Section 79.1.A, regarding cottages and from Chapter 125, Article III, Section 28 regarding customary home occupations; and

**WHEREAS**, the Application also sought an "interpretation" regarding the applicability of Chapter 125, Article VIII, Section 79.1, and whether the proposed residential use of the second floor of the garage should be considered a legally existing apartment; and

**WHEREAS**, a public hearing was held with regard to the Application on November 2, 2023, at which time all those present wishing to speak were given an opportunity to be heard; and

**WHEREAS**, the public hearing was closed on November 2, 2023, and no members of the public, other than the Applicant, spoke with respect to this matter; and

**WHEREAS**, all members of the Board of Appeals had the opportunity to inspect the Property and several members inspected the property in person; and

**WHEREAS**, the Board of Appeals has reviewed all documents submitted and has carefully considered all testimony provided by the Applicant in support of the Application; and

**WHEREAS**, after hearing from the Applicant and discussing the Application in detail, the Board of Appeals makes the following findings of fact and conclusions with respect to the request to overturn the Building Permit Denial:

NYSCEF DOC. NO. 45                                    RECEIVED NYSCEF: 12/27/2023

- A customary home occupation special use permit pursuant to Town Code §125-28.A of the Code of the Town of Bedford is under the purview of the Town of Bedford Planning Board.

- To the extent the Application seeks approval of a customary home occupation special use permit, such application must be made to the Town of Bedford Planning Board.

- Furthermore, Town Code §125-3 defines "Customary Home Occupation" as follows:

  A. An occupation of a service character accessory to and customarily conducted entirely within a lot by the residents thereof, which use is incidental and secondary to the use of the lot for residential purposes, does not change the character thereof, does not have any exterior evidence of such accessory use and does not involve the keeping of a stock in trade.

  B. Occupations which are carried on by a single individual which involve no more than five visitors and three deliveries per day to the lot are exempt from the requirements set forth in §125-28, provided they meet all the Town building and zoning criteria.

- Based on the foregoing definition set forth in Section 125-3, the proposed residential apartment use in the garage accessory structure would not be permitted as a "Customary Home Occupation" because it is not an "occupation of a service character accessory to and customarily conducted entirely within a lot by the residents thereof, which use is incidental and secondary to the use of the lot for residential purposes".

- To the extent the Applicant asserts that the apartment use over the garage is a pre-existing, legal non-conforming use because the garage structure on the Property pre-dates the existing Town of Bedford Zoning Code, it is undisputed that the residential apartment use itself in the garage structure has only existed for approximately 10 years.

- It is also undisputed that the most recent application that was filed regarding the second floor of the garage was to convert the second floor space in the garage to a recreation room, not a residential apartment, which application was filed in 2012 and a Certificate of Occupancy was issued for the recreational use on July 11, 2014.

- At some point in time after the recreational space was created on the second floor, the second floor of the garage was converted to a residential apartment use without an application for the required building permits being filed.

- Therefore, any claim that the apartment use should be allowed as a preexisting nonconforming legal use, must be rejected.

NYSCEF DOC. NO. 45

RECEIVED NYSCEF: 12/27/2023

- The Applicant's next claim, that the restriction in Town Code §125-12 limiting the types of main buildings on a single lot, does not apply because the Property is twelve (12) acres in size has existed without objection for many years, also has no merit.

- Section 125-12 expressly states that "[t]here shall be not more than one main building and its accessory buildings on each minimum size lot, except for nonresidential buildings in districts where such uses are permitted."

- Based on this provision, the Applicant may not have more than one main building with a residential use on the Property, except as allowed elsewhere in the Town Zoning Code.

- The inclusion of a residential apartment use on the second floor of the garage is not permitted under Section 125-12 because it creates a second main building with a residential use on a single lot.

- The Applicant has also failed to establish that the Property satisfies the provision in Section 125-12, which states as follows:

  > On one undivided parcel of land in size equal to or greater than twice the minimum acreage as required for the districts established hereunder, no more than two main buildings and their accessory buildings shall be permitted; provided, however, that, in each such instance, all main and accessory buildings must conform to all lot requirements established hereunder the same as if such buildings were placed on two separate and independent parcels of land.

- The Applicant failed to submit a proposed plan and zoning table showing that each of the buildings on the Property would conform with all lot requirements if the buildings were placed on two separate and independent parcels of land.

- The plan submitted in support of the instant Application does not demonstrate that the existing residence, pre-existing, non-conforming cottage and proposed residential apartment over the garage would be fully conforming to all existing zoning requirements in the event the buildings were placed on separate and independent parcels of land as required under Section 125-12.

- Until such time as a plan showing such conformity with all existing zoning requirements is presented, there cannot be compliance with Section 125-12.

- To the extent the Applicant asserts that the Property complies with the spirit of Town Code §125-79, which relates to "Accessory Apartments", such argument must be rejected.

- The apartment in question cannot be considered an "Accessory Apartment" that is permitted pursuant to Town Code §125-79, because an Accessory Apartment must be located "in an existing single-family dwelling, but not in an accessory structure". Town Code §125-79.B.

- In this case, the apartment in question is located in an accessory structure (the garage) and would be considered a "Cottage" use which is governed by Town Code §125-79.1. As a result, Section 125-79 is not applicable.

- The Application also seeks an "interpretation" that Town Code §125-79.1 concerning "Cottages" is not applicable and that a Cottage is permitted in the R-1A Zoning District.

- Section 125-79.1.A states that "In the R-2A and R-4A [Zoning] Districts, the Planning Board may grant a special permit to create a cottage in an existing accessory building." Thus, it is the Board of Appeals' determination that Cottages are not permitted in the R-1A Zoning District. Any argument that the failure to expressly exclude Cottages in the R-1A Zoning District makes Cottages a permitted use in the R-1A Zoning District is illogical and is rejected.

- In addition, even if cottages were permitted in the R-1A Zoning District, Section 125-79.1.A(4) states that "[t]here shall be no more than one cottage or accessory apartment per lot."

- Thus, because the Applicant already has a preexisting, nonconforming cottage on the Property, a second cottage would be prohibited, even if cottages were permitted in an R-1A zoning district.

**WHEREAS**, the Applicant further asserted that, to the extent the Board of Appeals decides to uphold the Building Permit Denial, that she was also seeking a use variance pursuant to Town Code §129.C(2)(a), to allow the residential apartment use on the Property as a Cottage; and

**WHEREAS**, during the hearing, the Applicant was expressly advised that the Board of Appeals would delay issuing a determination with respect to the request for a use variance to allow the Applicant to submit additional evidence in support of the use variance, including but not limited to financial evidence to establish that the Applicant cannot realize a reasonable return on the Property without the residential apartment use on the second floor of the garage; and

**WHEREAS**, during the hearing the Applicant expressly stated that she did not want to delay the hearing to present additional evidence and that she was requesting a determination with respect to the use variance; and

**WHEREAS**, the Board of Appeals considered the following factors in determining whether the use variance should be granted:

> No such use variance shall be granted by a Board of Appeals without a showing by the applicant that applicable zoning regulations and restrictions have caused unnecessary hardship. In order to prove such unnecessary hardship, the applicant shall demonstrate to the Board of Appeals that for each and every permitted use under the zoning regulations for the particular district where the property is located:
>
> [a] The applicant cannot realize a reasonable return, provided that lack of return is substantial as demonstrated by competent financial evidence;

NYSCEF DOC. NO. 45                                                                RECEIVED NYSCEF: 12/27/2023

[b] The alleged hardship relating to the property in question is unique, and does not apply to a substantial portion of the district or neighborhood;

[c] The requested use variance, if granted, will not alter the essential character of the neighborhood; and

[d] The alleged hardship has not been self-created.

**WHEREAS**, the Board of Appeals made the following findings of fact and conclusions with respect to the request for a use variance:

- The Applicant has not demonstrated that she cannot realize a reasonable return by using the Property as a single family residence (along with a pre-existing, non-conforming cottage) without a second residential apartment use in the garage, and has not shown substantial, competent financial evidence with respect to this factor.

- While the applicant offered oral testimony as to a financial hardship, no financial records or other documentation were submitted.

- None of the oral testimony presented regarding the loss of income from the rental of the residential apartment in the garage or the alleged cost to remove the modifications that were made to convert the space on the second floor of the garage to a residential use were in any way sufficient to establish that the Applicant cannot realize a reasonable return on the Property, which can provide a reasonable return by being sold as a one family residence, without the second floor of the garage being used a residential apartment.

- The Applicant also failed to establish that the alleged hardship of having to remove the residential apartment use from the garage is unique and does not apply to substantial portion of district or neighborhood.

- The Applicant did not establish that allowing such residential uses in standalone structures would not have an impact with respect to other properties in the R-1A Zoning District.

- While the Applicant viewed this matter within the context that her Property is a single twelve (12) acre lot in the R-1A Zoning District, the Board of Appeals must also consider the fact that this determination may apply to other properties in the R-1A Zoning District that have standalone garages or structures, which at this juncture cannot be used for residential purposes as an accessory apartment or as a cottage.

- The Applicant did not present evidence that allowed the Board of Appeals to analyze more broadly the number of garages or potential standalone structures that could be impacted by granting a use variance in this case.

- The Applicant did offer testimony that the use variance will not alter the essential character of the neighborhood. To date, there have been no complaints about the use of the second floor of the building as a residential apartment and there were no members of the public that provided testimony that the residential apartment

NYSCEF DOC. NO. 45                                                    RECEIVED NYSCEF: 12/27/2023

has had a detrimental impact to the neighborhood. Thus, this factor would not weigh against the granting of a use variance.

- The alleged hardship has been self-created. While it is not clear from the record when the second floor of the garage was converted from a recreational use to a residential apartment use, based on first-hand knowledge of one of the Board of Appeals' members, it was confirmed that the residential apartment did not exist in 2013/2014 when the Property was up for sale.

- While it is not clear as to whether the Applicant did or did not personally create the alleged hardship, the residential apartment use over the garage was not legal even at the time the Applicant would have purchased the Property and the Applicant should have known that it was not legal to have a residential apartment use in the garage structure without appropriate approvals. Thus, the alleged hardship must be considered self-created.

**NOW THEREFORE BE IT RESOLVED THAT,** for the reasons stated above, the Board of Appeals is in agreement with and upholds the Building Inspector's Denial of the aforementioned Building Permit Application to convert the second floor recreation room of a legal garage into a cottage, which is not permitted pursuant to Town Code §125-79.1.A of the Code of the Town of Bedford.

**BE IT FURTHER RESOLVED THAT,** for the reasons stated above, the Zoning Board of Appeals denies the request for a use variance to legalize the conversion of a second floor recreation room in a legal garage on the Property into a "Cottage" pursuant to Chapter 125, Section 129.C(2)(a) of the Code of the Town of Bedford.

Vote taken on the foregoing motion was as follows:

Ayes:    Ms. Lee, Mr. van Loveren, Ms. Black, Mrs. Spano, Mr. Michaelis
Nays:    None

**Peter Michaelis,** Chairman

*The foregoing resolution is certified to be a true copy of the resolution filed in the Office of the Clerk of the Town of Bedford on December 8, 2023.*

**Kim M. Kowalski,** Secretary

EXHIBIT X
Decision and order 2/9/2024
71446/2023
WESTCHESTER SUPREME COURT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------------x
In the Matter of the Application of,
MELANIE HAMMER,

                                                    DECISION & ORDER
                                                    INDEX NO. 71446/2023

                                Petitioner,

            -against-

TOWN OF BEDFORD, NEW YORK, ZONING
BOARD OF APPEALS BEDFORD, NEW YORK,
DEPARTMENT OF BUILDING BEDFORD, NEW
YORK, BUILDING INSPECTOR TOWN OF
BEDFORD, NEW YORK, ATTORNEY FOR
TOWN OF BEDFORD, NEW YORK,
                                Respondents.

For a Judgment Pursuant under Article 78 of the Civil Practice
Laws and Rules
-------------------------------------------------------------------------x
FUFIDIO, J.

        This is a proceeding commenced by the Petitioner, a New York attorney acting *pro se*,
who owns the property at issue located at 146 Goldens Bridge Road in Katonah, New York. The
Petitioner, pursuant to CPLR Article 78, is challenging the decision made by the Town of
Bedford's Zoning Board of Appeals (ZBA) which denied her a use variance, that if granted
would have allowed her to legalize an apartment over an existing garage on the property that she
had been renting to tenants. From what the Court can discern by reading between the lines of her
Petition, the Petitioner essentially alleges that the ZBA acted arbitrarily and capriciously in
denying her variance application and for not dismissing town code violations that were filed once
the Respondents discovered that the dwelling she was renting to others was not in compliance
with the zoning rules for the zone in which it is situated. Petitioner seeks, by way of relief (1) an
order to compel the Respondents to allow her to legally file architectural drawings for the
residence in issue, that she claims were maliciously, arbitrarily, capriciously and illegally denied,
(2) an order compelling the Respondents to dismiss the building code violations levied against
her because the Respondents acted maliciously, arbitrarily, capriciously and illegally in issuing
said violation without code, statute, ordinance, or basis in law, (3) an Order directing the
Respondents to pay damages in the amount of $14,400 to the Petitioner for loss of rental income
because of the malicious, arbitrary, capricious and illegal restriction placed on Petitioner's
zoning rights without basis in law, (4) an Order directing the Respondents to pay damages for
additional lost rent in the amount of $2,400/month, (5) an Order for attorney's fees in the amount
of $22,000 for the work she has done on her own case billed at $550/hour for 40 hours expended
on the case already, (6) an Order for future attorney's fees billed at $550/hour for future work on

                                        1

her own case, (7) an Order that the Respondents pay $100,000 in punitive damages for, "town officials maliciously arbitrarily, capriciously, and illegally prohibiting a rental dwelling without competent evidence of code, statute, ordinance and without any evidence of harm to the community, (8) alternatively, the Petitioner seeks $2,000,000, "for illegally devaluing Petitioner's property arbitrarily, capriciously or for punitively, delaying, or unreasonably restricting or preventing Petitioner from filing her legal residential drawings, (9) a writ of prohibition preventing Respondents from rezoning her property in the future, and (10) "Order a writ of prohibition to stop Respondents from continuing to act punitively, arbitrarily or capriciously in this and future applications made by Petitioner. No new violation can be 'created' to prevent the permit application from being approved". The Court has considered ECF items 1-96 and upon them decides as follows:

    The Petition as it is presented and its ensuing collateral litigation has complicated what, at its core, it is a relatively basic petition to nullify the Town of Bedford ZBA's decisions to deny the Petitioner's application for a use variance to enable her to use a building on her property as a residential rental. The Petitioner is the owner of the approximately 12 acre large property at 146 Goldens Bridge Road in Katonah, New York located in the R-1A zone on the town's zoning map which sets the minimum lot size at one acre. On the property is the main dwelling house, a pre-zoning code existing, non-conforming cottage, which, was grandfathered in to the property for residential use and there is also a garage which, up until sometime around 2014 had in it a legal recreation room. Sometime, likely in or about 2014, the recreation room was converted into an apartment that the Petitioner rented out for extra income. Sometime in 2023, one of her tenants had a problem with a staircase in the converted apartment he was renting and was unsuccessful in getting the Petitioner to address his concerns and as a result the tenant reached out to the Town of Bedford in order to find out if he had any recourse. In doing so he found out that the apartment was not a legal apartment and then the Town realized that the Petitioner had an illegal apartment on her property and thus set into motion the events which culminated in this action.

    On April 27, 2023 the Petitioner was served with two Notices of Violation; one alleging nine town code violations relative to the illegal apartment for observations made by the building inspector on April 27, 2023 and another alleging one violation observed on April 19, 2023. She was told in the notice of violation that she had thirty days from the date of issue to cure the violations or else she would be issued an appearance ticket to appear in court to answer the violations (Town Law sec. 268; *People v Musante*, 141 Misc.2d 300 [Justice Ct. Village of Tuckahoe 1988]).[1] The notices also told her how she could cure the defects and the Court can infer from the subsequent activity leading to this matter that the defects were not cured, because in July the Petitioner seemingly began the process for a building permit allowing her to construct a "new deck at existing garage apartment + (sic) building permit for same"[2] and at another point on a permit application that was stamped received on July 10, 2023, the Petitioner was seeking permission to revert, ostensibly the illegal apartment, "back to recreation room + (sic) remove

---

[1] The Petitioner has also challenged the ZBA's denial of her application to dismiss the Notice of Violations. That decision by the ZBA was entirely rational. While the Court is unaware of the status of these Notices of Violation, they are subject to the rules of the Criminal Procedure Law (Town Law sec. 268; *People v Musante, supra*). The ZBA has no authority over those and the Petitioner's relief from those, if there is any, lies in the Town Court and the CPL. To the extent that she sought to cure the defects that are the subject of the notices by applying for a Building Permit, the ZBA's decision on that denial is addressed herein.

[2] This application was dated by architect Patrick M. Croke on July 6, 2023, but was not stamped as received by the Town until September 7, 2023.

2

the deck". The Petitioner's September 7th permit application was denied in a letter from the Town Building Inspector which listed the reasons for such denial. Among those reasons are that the Town Code considers her garage apartment to be a "cottage" and that it was created by adding a bathroom, kitchen and living area to the existing recreation room without the necessary permission. In addition, cottages are specifically *not* permitted in the zone where her property is located and in general no more than one cottage is permitted in the zones where cottages are permitted and the Petitioner has one legal, pre-existing, non-conforming cottage on her property already. She was also advised that if she wanted to challenge this denial then she could apply to the Zoning Board of Appeals for a use variance to attempt to legalize the heretofore illegal apartment/cottage on her property. On October 4, 2023, the Petitioner filed her application for a variance in which she asked for permission to "appeal decision of Building Inspector's denial of Building Permit + (sic) deck" and makes reference to an attachment. In that attachment entitled "Attachment to Application ZBA Application" she requests a (1) variance for a customary home occupation permit under Town Code section 125.28; (2) an interpretation of the law/appeal department of buildings; (3) "request to comply with the rest of the violation and obtain permits for existing plumbing, wiring, partitions + (sic) deck" and (4) "appeal denial of deck permit". The Zoning Board of Appeals held a hearing on the Petitioner's application on November 2, 2023 and unanimously upheld the building inspector's denial of Petitioner's building permit and unanimously denied the Petitioner's variance application. The ZBA issued a resolution on the matter on December 8, 2023. It is ostensibly this resolution from which she has appealed to this Court, however, because the Petition is not entirely clear the Court will also address the decisions made in the hearing itself to the extent that they differ from those in the resolution.

I

Zoning Boards of Appeal were created to interpret, reflect and ensure the validity of zoning laws through the exercise of administrative discretion (*Tall Trees Construction Corp. v Zoning Bd. of Appeals of the Town of Huntington*, 97 NY2d 86 [2001]). In order to accomplish those goals, they are empowered to review and interpret local zoning laws in order to enforce them (*Frishman v Schmidt*, 61 NY2d 823 [1984]). Judicial review of a ZBA decision is limited to determining whether or not the decision is illegal, arbitrary and capricious or an abuse of discretion (*Pomponio v DeChance*, 216 AD3d 1165 [2nd Dept. 2023]). Such a decision is entitled to great deference and will only be upset if shown to be arbitrary and capricious, irrational or lacking substantial evidence (*Id.*). Indeed, if the decision is found to be rational then the courts are not permitted to substitute their judgment for that of the ZBA, even if it would have reached a different conclusion based upon the same set of evidence (*Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219 [2007]). The court's role in such a scenario is simply to determine whether or not the decision was rational and *not* to substitute its judgment for that of the agency, nor weigh the desirability or the determination, nor choose among various alternatives (*Id.*).

Addressing first, the decision to affirm the denial of the Petitioner's application for a building permit. The Court agrees with the Respondent that the Petitioner's fundamental lack of understanding of zoning laws, despite her being an attorney in New York, has led to this litigation. As stated above, the reasons for the building permit denial were that the Building Inspector considered the garage apartment to be a cottage and the ZBA's analysis flowed from this premise. The Petitioner's property, despite being approximately 12 acres, is located within

3

NYSCEF DOC. NO. 97                                    RECEIVED NYSCEF: 02/09/2024

the R-1A zone, which sets the minimum lot size for that zone at 1 acre (Bedford Town Code sec. 125-4). Accordingly, Petitioner's lot, despite the size of it relative to the minimum lot size, is to be used in accordance with the zone in which it is situated (Bedford Town Code sec. 125.10). Generally, "There shall be not more than one main building and its accessory building on each minimum size lot…," however, "On one undivided parcel of land in size equal to or greater than twice the minimum acreage as required for the districts established hereunder, no more than two main buildings and their accessory buildings shall be permitted, provided, however, that in each such instance, all main and accessory buildings must conform to all lot requirements…as if such buildings were placed on two separate and independent parcels of land" (Bedford Town Code se. 125-12). An accessory building is defined as, "a building subordinate to the principal building on the lot and used for purposes customarily incidental to that of said principal building," an accessory apartment is defined as "a single dwelling unit which is incidental and subordinate to a principal one-family residence and located on the same lot therewith, where either unit is occupied by the owner of the premises," a principal building is, "a building in which is conducted the main or principal use of the lot on which said building is situated," and a cottage is, "a single dwelling unit within an accessory building which is incidental and subordinate to a principal one-family residence and located on the same lot therewith, where either unit is occupied by the owner of the premises." (Bedford Town Code sec. 125-3). In his building permit denial, the Building Inspector told the Petitioner that the apartment that was created in her garage was, in fact, a cottage rather than an accessory apartment because it was a "single dwelling unit within an accessory building" and it's creation, that is, the installation of a bathroom, kitchen and living area was done without the necessary approval from the Town and in any event, cottages are not permitted within the R-1A zone. The maintenance of a cottage on a property is subject to a special use permit. Special use permits, as opposed to variances, confer the authority to use land in a manner expressly permitted by the zoning code; variances are permission to use the land in a manner not expressly permitted by the zoning code (*Sunrise Plaza Associates, L.P. v Town Bd. of Town of Babylon*, 250 AD2d 690 [2nd Dept. 1998]). In other words, "The special permit uses for which conformance to additional standards is required by this chapter are *deemed to be permitted uses in their respective districts…*" (Bedford Town Code sec. 125-57, *emphasis added*). The only place in the Bedford Zoning Code that authorizes the use of cottages at all is under the special use permit section where is expressly states that "In the R-2A and R-4A Districts, the Planning Board may grant a special permit to create a cottage in an existing accessory building…" (Bedford Town Board sec. 125-79.1). The legal maxim *inclusion unius est exclusio alterius* supports the Town's interpretation that, because the Town Zoning Code includes only two Districts in which cottages are permitted and by special use permit at that, that the remaining districts are necessarily excluded by their omission from the code. And in any event, even in those two districts where cottages are permitted by special use permits, there can be only one cottage on any given lot in those districts. The Petitioner already has a legal pre-existing, non-conforming cottage on her property. Additionally, although the Zoning Code also allows accessory apartments in any of the residential districts, an accessory apartment is only allowed by way of special use permit and then, it may not be located in an accessory building, which clearly, the apartment in question, is. Accordingly, with respect to this issue, the Petitioner has not shown the ZBA's decision to be improper.

Turning towards the Petitioner's other argument, that the garage apartment should be permitted because the Petitioner's lot is more than twice the minimum lot size, thus capable of containing, "no more than two main buildings and their accessory buildings" as long as, "all

main and accessory buildings must conform to all lot requirements…as if such buildings were placed on two separate and independent parcels of land" is likewise, unavailing. In the ZBA's December 8, 2023 resolution, one of the reasons for their denial was that the Petitioner did not include in her application, "a proposed plan and zoning table showing that *each of the buildings on the property* would conform with all the lot requirements as if the buildings were placed on two separate and independent parcels of land." Looking at her application (Document 42), she did provide a map showing a proposed plan for the building in question with the remarks on the survey that, "setbacks are to Garage with apartment". The Zoning Code is clear that *all main and accessory buildings must conform to the lot requirements* and it is a reasonable interpretation to mean that that requires a showing that each building is in compliance in relation to the rest of the buildings. Although the Petitioner has provided a document as an exhibit to *this* action (Document 7) which purports to show the garage apartment on a conforming lot, it was not part of the original application and thus the Court may not consider it and in any event, there is no indication as to what exactly it is. Even taking the Petitioner at her word, that Document 7 shows what she purports it to show and that she tried to append it into her application already on record at the November 2, 2023 ZBA hearing, it still does not demonstrate that the other two buildings on the property, the principal building and the pre-existing, non-conforming cottage are in conformity with the Zoning Code as they relate to the garage apartment. The ZBA's decision to deny her application because of that was not irrational in so far as they decided that the application did not demonstrate compliance with the Zoning Code requirements, nor, for that matter, does the survey that the Petitioner tried to introduce at the hearing and then attached as an exhibit to this action.

In so far as the Petitioner is complaining that the ZBA would not allow her to legally file architectural drawings, as best as the Court can tell, the Petitioner is referencing her attempt, in the middle of the ZBA hearing, to file the above mentioned plans (Document 7). Throughout this case the Petitioner has shown nothing but contempt for the rules of orderly procedure. Her attempt to file plans in the middle of the hearing is one such example. Bedford Town Code sec. 125-129 defines the ZBA's role as having the power to review, on appeal, the record of a decision rendered by an, "administrative officer or agency charged with enforcement of this chapter." Simply put, if the Petitioner had wanted those plans to have been considered by the ZBA, they should have been included as part of the original application. Or alternatively she could have reapplied rather than attempting to shoehorn them into a ZBA hearing in progress. The ZBA was not unreasonable for not accepting such impromptu exhibits that were not part of the original application. There is a procedure for applying for building permits and there is procedure for appealing the outcome of those permits. They are separate. Simply because the Building Inspector did look at them and opine on them during the ZBA hearing, and against the Petitioner, at that, does not mean that they were properly before the ZBA for them to consider.

Next, to the extent that the Petitioner sought a special use permit to in order to legalize the rental of her garage apartment as being a customary home occupation. The term *occupation* as it is used in this sense is not the act of occupying, as in possessing, rather it refers to a job that has customarily been associated with being performed within a home (*Simon v Board of Appeals on Zoning of the City of New Rochelle*, 208 AD2d 931 [2nd Dept. 1994]; *See also*; *Occupation*, Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/occupation. Accessed 2 Feb. 2024). In any event, the question of whether a special use permit should be issued for such a customary home occupation is not

5

within the jurisdiction of the ZBA. Rather, the Planning Board is the agency with the authority to issue such a permit, so the ZBA denying the Petitioner a Customary Home Occupation permit was entirely rational because they don't have the authority to do so (Bedford Town Code 125-28[B]).

Turning now to the denial of the Petitioner's application for a use variance to allow her legalize her garage apartment. In order to grant a use variance, as opposed to an area variance, the ZBA must find upon an applicant's showing, that for each and every permitted use under the zoning regulations for the particular district where the property is located, (1) the applicant cannot realize a reasonable return, provided that lack of return is substantial as demonstrated by competent financial evidence; (2) the alleged hardship relating to the property in question is unique, and does not apply to a substantial portion of the district or neighborhood; (3) the requested use variance, if granted, will not alter the essential character of the neighborhood; and (4) the alleged hardship has not been self-created (Town Law sec. 267-b(2)(b); Bedford Town Code sec. 125-129 [C][2][a]). An applicant for a use variance must make a showing of each element set forth (*Westbury Laundromat, Inc. v Mammina*, 62 AD3d 888 [2[nd] Dept. 2009]). Here, the ZBA found that the Petitioner did not make such a showing. At several points throughout the hearing the ZBA members, seemingly skeptical about whether the evidence the Petitioner set forth was sufficient for a use variance, asked the Petitioner if she wanted to adjourn the hearing so that she could supplement her application with more information. The Petitioner unequivocally refused the opportunity to do so and because she did not, the ZBA made a determination upon the Petitioner's application as it was submitted. Critically, among those determinations are that the Petitioner failed to show that, "she cannot realize a reasonable return by using the Property as a single family residence (which also has a pre-existing, non-conforming cottage which the Court understands is also being rented for income) without a second residential apartment and has not shown substantial, competent financial evidence with respect to this factor;" and that, "the alleged hardship has been self-created. While it is not clear from the record when the second floor of the garage was converted from a recreational use to a residential apartment use, based on first-hand knowledge of one of the...members, it was confirmed that the residential apartment did not exist in 2013/2014 when the Property was up for sale," and that "While it is not clear as to whether the Applicant did or did not personally create the alleged hardship, the residential apartment use over the garage was not legal even at the time the Applicant would have purchased the Property and the Applicant should have known that it was not legal to have a residential apartment use in the garage structure without appropriate approvals. Thus the hardship must be considered self-created." Upon the forgoing determinations made by the ZBA and a review of the evidence underpinning those determinations, the Court finds that there is a rational basis supporting the conclusions that the Petitioner was unable to satisfy the four required factors in order to receive a use variance. Accordingly, the ZBA's determination denying the Petitioner such a variance was entirely reasonable.

II

While this matter was *sub judice* the Petitioner filed three motions, the first, the Court will interpret as a motion to disqualify itself, the second was for a change of venue and the third was for an order of discovery. The Court notes that the Petitioner has been attempting to litigate

NYSCEF DOC. NO. 97                                                                                                RECEIVED NYSCEF: 02/09/2024

her Petition via a letter writing campaign after the issue had been joined by the Respondents and the matter having been fully submitted.

On January 26, 2024 the Court received a letter filed in NYSCEF by the Petitioner. The letter itself is dated January 27, 2024 that asked the Court, *inter alia*, "an affirmative indication that there is not a conflict for this Court regarding the Hon. Anthony Scarpino, Jr. family's connection to this case." Her reasoning, the Court supposes, was that because the tenants of her illegal apartment who brought the matter to the Town of Bedford's attention are related to a former judge in the Westchester County Courthouse and was the former District Attorney for Westchester County, that somehow this Court would be inclined to let that influence its decision making process. The Petitioner was told that, "...the Court will not be giving you an affirmative indication that there is or is not a conflict of interest simply because your tenants are related to a former judge and District Attorney." She was then informed that, "Judges are presumed to be impartial; it is a central tenet to the justice system as a whole. Judiciary Law section 14 lists the scenarios in which a judge is disqualified from hearing a case." Finally the Court informed the Petitioner that none of the Judiciary Law section 14 disqualifiers applied in this case. The Petitioner added the Court's correspondence to the NYSCEF record of this case as Document 69. The Petitioner then filed a letter with the Court under a heading, "request for disclosure if judicial conflict exists" (Document 70). In this letter the Petitioner goes on a rant that at best can be described as a mischaracterization of the evidence that was submitted by her and by the Respondents in this action and at worst can be viewed as an airing of paranoid conspiracy theories that the Town and now the Court system has maliciously conspired against her because they are somehow doing the bidding of a former judge and District Attorney in, what the Court supposes the Petitioner views as some sort of revenge for what, the Court has no idea. In this letter the Petitioner alleges that the case does not pass the "sniff test". The Court will assume this letter is the Petitioner's motion for the Court's recusal and address it as such. As legal support for her recusal motion the Petitioner seemingly ignores statutes and case law for recusal or disqualification and instead relies upon 20 NYCRR 3000.8 which governs the recusal hearing officers of the New York State Tax Appeals Tribunal. The Court has already told the Petitioner that none of the Judiciary Law section 14 disqualifications apply and that absent one of those, the Judge is the "sole arbiter of the need for recusal and this 'discretionary decision is within the personal conscience of the court when the alleged appearance of impropriety arises from the inappropriate awareness of 'nonjudicial data'" (*Silber v Silber*, 84 AD3d 931 [2nd Dept. 2011]). Here, the Court is unaware of any "nonjudicial data" which would impair its impartiality. While the Court is certainly aware of who former Judge Anthony Scarpino is there is nothing in the Court's relationship with him that would in any way alter the Court's impartiality. Nor is the Petitioner able to point to anything other than loaded questioning and baseless conspiratorial allusion that there might be any way that simply knowing that the tenant who brought the Petitioner's illegal apartment to the Town's attention was, what is presumed to be the former Judge Scarpino's child, would somehow, someway have any bearing on the Court's decision making process or its ability to render an impartial decision.

Next, the Petitioner has moved, again, using her baseless conspiracy theories and loaded questioning as her reasons, for a change of venue to New York County. The thrust of her argument is that, "the relationship between the Westchester government, including the Supreme Court of Westchester and the Firm of Keane & Beane, creates a strong probability that Petitioner will not be able to obtain a fair trial" and "Here, the party that brought the initiating complaint to

the Building Department is Hon. Anthony Scarpino's Son-in-Law, Brent Hampson. The email ~~proving~~ the same is NYSEF (sic) doc. 50. **There is a redacted name on that email**, which may or may not be the Hon. Anthony Scarpino's name. **Why is the name redacted? This document is a factual assertion which is in the record and was filed by the Respondent as NYSCEF doc. 50)**(sic)(**emphasis** supplied by Petitioner)." Petitioner goes on to conclude that based on former Judge Scarpino's, the Court notes inconsequential to non-existent, involvement in this case, that, "There is therefore a very good possibility of a relationship between the Judges presiding in the Supreme Court House and the relevant potential witnesses in this case." The Court agrees with the Respondents that, "The Petitioner's continued conduct and propagation of conspiracy theories...wild conjecture, innuendo and empty accusations do not warrant a change of venue." That is so because, the proponent of a change of venue application is, "required to come forward with facts demonstrating a strong possibility that an impartial trial of the action could not be obtained" (*Albanese v West Nassau Mental Health Ctr.*, 208 AD2d 665 [2nd Dept. 1994]). Further, "mere belief, suspicion or feeling are not sufficient grounds" for granting such a motion (*Id.*). Moreover, the, "mere fact that a party to an action is of some prominence or holds an official position in the county does not justify an inference that an impartial trial cannot be held in that county" (*Ingo v Casey*, 175 Misc. 805 (Sup. Ct. Westchester Co. 1940). The Petitioner's motion is devoid of any factual basis and instead relies upon belief, suspicion and her feeling that something is amiss; however, none of her assertions sufficiently demonstrates the existence of a *strong possibility* or even a remote possibility that an impartial trial cannot be obtained. Finally, as evidenced by this Decision and Order, there is no triable issue as to the ZBA's determinations; the underlying record is sufficient for the Court to see how their decision was made. Article 78 proceedings are not a forum for relitigating issues that were or should have been before the agency, however, if the Court finds it impossible to determine the matter from the submitted papers, then it may order a trial in order to determine whether the agency's determination is adequately supported (*Cotazino v New York State Adirondack Park Agency*, 214 AD3d 1137 [3rd Dept. 2023]). The Court, in this case, does not need to hear live testimony, or even oral argument, in order to make that determination. The parties have made their respective positions perfectly clear and the underlying record is more than adequate for the Court to make its determination. Accordingly the Court will not order a trial on the matter.

Finally, inasmuch as the Petitioner has moved for discovery in this case (*See,* Document 66) that is denied as well. The Petitioner submitted a letter to the Court, seeking leave to conduct discovery. The letter, in the Court's opinion, amounts to nothing more than a fishing expedition designed to indulge the aforementioned conspiracy theories involving former Judge and District Attorney Anthony Scarpino. That issue is nothing but collateral, because as the Court has explained above, the ZBA's decision rests on an adequate foundation. In all her missives, the Petitioner has yet to identify why a former Judge and District Attorney would carry any influence over a ZBA proceeding or even what motive he would have to thwart the Petitioner from legalizing an illegal apartment. As best the Court can tell, the Petitioner rented her illegal apartment to Judge Scarpino's daughter and son-in-law. *They*, as tenants, had an issue with the Petitioner's response to a broken stairway in the apartment and then on their own went to the Town to seek recourse. If anything, it seems like the Petitioner would be the one with the motive to seek retribution, seeing as her tenants were the ones that exposed the illegal apartment and according to her have caused her economic hardship. In any event, Courts have broad discretion over whether to direct discovery in an article 78 proceeding (*Id.*). The Court is, however, supposed to balance the needs of the party seeking discovery against such opposing interests as

8

expediency and confidentiality (*Id.*).  Here, the Court can see no legitimate need for the Petitioner to gain the kind of discovery she seeks only to propagate her baseless theories and in requesting it, she has only served to delay a decision of which she, herself, has repeatedly sought expediency, citing that delay is causing her vague economic hardship by her inability to rent the apartment.

It should go without saying that based on the forgoing Decision and Order, the Court will not be ordering any kind of damages, costs, or attorney's fees to the Petitioner.  Each party is to bear their own costs in litigating this matter.

Accordingly, the Petition is DENIED for the reasons articulated above and the Respondent's Order to Show Cause which was signed by the Court (Document 84) is VACATED as moot.

The foregoing constitutes the opinion, decision and order of this court.

Dated:        White Plains, New York
              February   9   , 2024

                                    _____
                                    Honorable George E. Fufidio, A.J.S.C.

TO: New York Courts Electronic Filing System

9

9 of 9

EXHIBIT Y

MOTION FOR CLARIFICATION ON DECISION AND ORDER

NYSCEF DOC. NO. 99                                           RECEIVED NYSCEF: 02/10/2024

SUPREME COURT STATE OF NEW YORK COUNTY OF WESTCHESTER

Melanie Hammer                          x

    Plaintiff(s)/Petitioner(s)          x

    vs                                  x

Town of Bedford New York,               x
Zoning Board of Appeals Bedford New York    x
Department of Building Bedford New York/
Building Inspector Town of Bedford New York
Attorney for The Town of Bedford New York   x

REQUEST FOR
CLARIFICATION ON ORDER

Index No.71446/2023

TO THE SUPREME COURT STATE OF NEW YORK COUNTY OF
WESTCHESTER:

1. I, Melanie Hammer, Esq., Petitioner, acting pro se respectfully request clarification
   on the Court's Order:

2. It appears that the EVIDENCE AND EXHIBITS annexed to the Original Petition
   were not considered and were changed to no longer annexed to "Documents Relating
   to the Petition" file in NYSECF. SEE ATTACHED SCREEN SHOTS OF NYSCEF.
   These Documents were filed with the ORIGINAL PETITION AS RELATING THE
   PETITION. Therefore, insofar as the Courts findings run contrary to the Video and
   documentary evidence, I seek clarification on the following:

3. Clarification: Whether EXHIBITS A to M, also known as, NYSCEF Documents 3 to
   15 were considered by the Court in making Its Ruling on the Petition? These
   documents have been excluded from "Documents Relating to the Petition". SEE
   attached.

4. Clarification on the ruling on NYSCEF document 63 as to which specific Exhibits
   the Court would consider in deciding this Case.

5. Clarification: Whether the Respondent's failure to FILE the DECISION of the Zoning
   Board of Appeals RENDERED 11/2/2023 within (5) days as required by New York
   State Town Law 267a(5) is a PER SE arbitrary and capricious and caused financial
   damages to Petitioner. THIS WAS NOT ADDRESSED IN THE COURTS ORDER
   and was part Petition and part of the reason for economic damages in the instant case.

   a. Clarifictaion: Did the Court consider EXHIBITS Q proof the ZBA decision
      was rendered 11/2/2023 (thumb drive) "completed vote on video 11/2/2023"

1

NYSCEF DOC. NO. 99                                                    RECEIVED NYSCEF: 02/10/2024

      b. CLARIFICTAION: Did the court consider *Respondents* <u>Exhibit 8/NYSCEF document 45</u> stamped "RECEIVED 12/8/2023" which PROVES LATE FILING on 12/8/2023/ 32 days late?

      c. CLARIFICTAION: Did the court consider New York State Town law 267(a) (5): "Filing of administrative decision and time of appeal.  (a)  Each order, requirement, DECISION, interpretation or determination of the administrative official charged with the enforcement of the ZONING LOCAL LAW or <u>ordinance shall be filed in the office of such administrative official, WITHIN FIVE BUSINESS DAYS FROM THE DAY IT IS RENDERED</u>, and shall be a public record.   Alternately, the town board may, by resolution, require that such filings instead be made in the town clerk's office."

      d. CLARIFICTAION: Did the Court consider as a matter of law "It is well established that an <u>agency acts arbitrarily and capriciously by failing to comply with its own rules and regulations</u> (Bajpayi, etc. v. Suny Downstate Medical Center, et al, 113 A.D.3d 846 (2d Dep't 2014); Mullen v. County of Suffolk Police Department, et al, 307 A.D.2d 1036 (2d Dep't 2003); Church .v Wing, et al, 229 A.D.2d 1019 (4th Dep't 1996); Garner .v The Tuckahoe Housing Authority, 81 A.D.2d 915 (2d Dep't 1981))

      e. <u>or by misapplying its own guidelines</u> (Nesbitt v. Goord, 813 N.Y.S.2d 897 (Sup. C.t Albany County 2006); People ex rel Furde. v N.I.C. Dept. of Correction, 796 N.Y.2d 891 (Sup. Bronx County 2005); Martinez v. Baker, 688 N.Y.S.2d 877 (Sup. Ct. Albany County 1999); Liner v. Miles, 133 A.D.2d 962 (3d Dep't 1987)).

6.  Clarification: Did the Court consider whether Respondent's failure to HEAR/TAKE Petitioner's Appeal for (5) months, was *per se* arbitrary and capricious because it was in violation of Bedford Town Law Town Law 267-a(5)(b). And whether this *extradentary and illegal delay caused* financial damages to Petitioner.

      a. CLARIFICTAION: Did the Court consider New York State Town Law 267-a(5)(b) requires appeals be taken within 60 days of the appeal. ("B)  <u>AN APPEAL SHALL BE TAKEN WITHIN SIXTY DAYS</u> "

      b. Clarification: Did the Court consider "<u>It is well established that an agency acts arbitrarily and capriciously by failing to comply with its own rules and regulations.</u> (Cites above).

      c. Clarification: Did the court consider "<u>When this occurs, the proper remedy is to annul the decision where the record is complete and this Court is capable of affording relief CPLR § 7806;</u> Mater of Steen .v Governor's Office of Employee Relations, 1A.D.3d 644(3d Dep't 2003); Matter of Police Benevolent Ass'n of the New York State Troopers, Inc. v. Vacco, 253 A.D.2d 920 (3d Dep't 1998); Mater of Hartje .v Coughlin, 70 N.Y.2d 866 (1987).

7.  Clarification:  Does this Court's Order consider that the Respondents <u>never filed a Summons in Criminal Court thereby denying Petitioner Due Process under 14th</u>

NYSCEF DOC. NO. 99                                                    RECEIVED NYSCEF: 02/10/2024

amendment of the constitution. Did the court consider this as further evidence of the Town intentionally preventing judicial review. Was Video EXHIBIT A& P (Thumb Drive) considered. THIS CASED SIGNIFICANT ECONOMIC HARM BASED ON DELAY. ESPECIALLY BECAUSE THE TOWN ADMITTED THAT THE SUMMONS WOULD BE DISMISSED IN CRIMINAL COURT. EXHIBIT A& P (THUMB DRIVE).

8. Clarification on this statement on Page 5 Paragraph 2 of the Court Order, "insofar as Petitioner is complaining that the ZBA would not allow her to legally file architectural drawings, as best as court can tell, the Petitioner is referencing her attempt in the middle of the CBA hearing to file the above-mentioned plans (Document 7)".

   a. Has the Court considered Petitioners (3) ZBA applications and permit applications as her attempt to legally file or be permitted to file the architectural drawings on 6/1/2023, 7/6/2023, 9/22/2023, 9/27/2023 and 11/2/2023. See EXHIBITS K, L, G/documents 13,14, 7. Clarification if this evidence was reviewed by the Court.

9. Clarification: Whether this Court's Order is based on "lot compliance" which was NOT at issue in the 11/2/2023 ZBA meeting. The Order of the Court states,

   "....it still does not demonstrate that the two buildings on the property the principal building and the pre-existing, nonconforming cottage are in conformity with the zoning code as they relate to the garage apartment."

   That argument was NOT set forth in the ZBA meeting or in the Denial Letter EXHIBIT B/ NYSCEF Document 4. THIS LOTS' COMPLIANCE ISSUE WAS NOT NOTICED TO THE COMMUNITY. AT ISSUE IN THE ZBA MEETING was AFFIRMING THE BUILDING INSPECTOR'S Permit DENIAL BASED ON BTC125-79.1A and permit requests and variances. IF THIS HAD BEEN THE BASIS For DENIAL LETTER DATED 9/22/2023. ZBA DID NOT OFFER LEAVE TO PROVIDE PROOF OF CONFORMITY. THESE PETITIONER COULD HAVE OBTAINED DRAWINGS AND FILED FOR A PHANTUM SUBDIVION OR FULL SUBDIVION.

   Therefore, I request clarification on whether this is the Basis of the Courts Opinion. Because if this *is* the basis of the Courts Order, Petitioner must move to reargue.

   A. In an article 78 proceeding, a Court is limited to reviewing the administrative record; it may not consider evidence de hors the record. Lusker v. City of N.Y, 194 A.D.2d 487 (1st Dep't), Iv. denied, 82 N. Y. 2d 660 (1993); Brusco v. N.Y. State Div. of Hous. & Comty. Renewal, 170 A.D.2d 184, 185 (1st Dep't1991), appeal dismissed, 77 N.Y.2d 939 (1991), cert. denied, 502 U.S. 857 (1991) ("In the course of judicial review, the court may not consider arguments or evidence not contained in the administrative record. "). Even if adequate grounds exist for the administrative determination, the Determination will be annulled if the grounds upon which it rests are inadequate or improper, or were not the actual grounds relied upon. Judicial review of administrative determinations is limited to the grounds invoked by the administrative

body at the time of the decision. In re AVJ Realty Corp., 8 A.D.3d 14
(1st Dep't 2004); Mr. of Stone Landing Corp. v. Bd. of Appeals, 5
A.D.3d 496 (2d Dep't 2004); Mtr of Cerame v. Town of Perinton Zoning
Bd. of Appeals, 6 A.D.3d 1091 (4th Dep't 2004); Mtr. of Civil Serv.
Employees Ass'n. Inc. v. N.Y.

[A] reviewing court, in dealing with a determination ... which an
administrative agency alone is authorized to make, must judge the
propriety of such action solely by the grounds invoked by the agency. If
those grounds are inadequate or improper, the court is powerless to
affirm the administrative action by substituting what it considers to be a
more adequate or proper basis (citation omitted). See Mtr. of Barry v.
O'Connell, 303 N.Y. 46, 51-52 (1951); Fink v. Cole, 136 N.Y.S.2d 810,
812-13. (Sup. Ct. N.Y. County 1954), aff d., 286 A.D.2d 73 (1st Dep't
1955), rev'd on other grounds, 1 N.Y.2d 48 (1956); Mtr. of Tamulinas v.
Bd. of Educ., 279 A.D.2d 527 (2d Dep't 2001); Mtr. of Bruns v. Hanna,
101 A.D.2d 1015, 1016 (4th Dep't 1984); Mr. of Baker v. Town of Mt.
Pleasant,92 A.D.2d 611 (2d Dep't 1983); Mtr. of Golisano v. Town Bd.
of Macedon, 31 A.D.2d 85, 87-88 (4th Dep't 1968); Mtr. of Blum v.
D'Angelo, 15 A.D.2d 909, 910 (Ist Dep't 1962).

10. Clarification: Whether RESPONDENT'S SECOND ZBA MEETING held 12/7/2023
where Petitioner was SPECIFICALLY PREVENTED FROM BEING HEARD, is a
per se arbitrary and capricious/ 14th Amendment Due Process violation. EXHIBIT V/
NYSCEF Document 58 "email from Eric Gordon prohibiting me from speaking at the
SECOND hearing". This meeting occurred AFTER this article 78 Petition was
FILED and obviously in response to this litigation and is therefore NOT to be
inherently reliable. Also, it exceeds the permissible evidence before the Court.

   d. I respectfully request clarification on whether the Court relied on this AFTER
      THE FACT JUSTIFICATION in Its Order. If the Court So Relied, I would move
      to re-argue.

44. **Clarification:** *Whether the Court is expressly granting the ZBA authority to deny
    lawful use of private property by INFERRING a violation of law that carries
    CRIMINAL PENALTIES based on the legal maximum "inclusion unius est exclusion
    alterlus".* **As Stated in the Order.**

   a. Clarification on whether this Court has decided that INFERRING A CRIMINAL
      VIOLATION does not violate the 14th and 6th Amendment of the United States
      Constitution.

   b. Clarification on this example based on the Court's ruling. Since Trespassing (a
      criminal offense) is prohibited, can I now be arrested for walking *next to* my
      neighbor's property, since it may be *inferred to be a violation*. Based on a "The
      presumption of interpretation of statutes and other documents that if one thing is
      specified, other things which may be thought to be similar to that thing are
      impliedly excluded."

   c. Does this mean all criminal violations *may be* INFERRED by local governments?

4

NYSCEF DOC. NO. 99                                                RECEIVED NYSCEF: 02/10/2024

45. Clarification: DOES THE ORDER AFFIRM EXHIBIT B/ NYSCEF doc 4. IS IT LAWFUL for the Respondent's to deny an APARTMENT permit in an R1A DISTRICT by INFERRING THAT BTC 125-79.1a which ALLOWS for applications for COTTAGES IN R2A AND R4A districts PRECLUDES APARTMENTS in OTHER zoning districts?

SEE Bedford Town Code § 125-79.1A:

a. "In the R-2A and R-4A Districts, the Planning Board may grant a special permit to create a cottage in an existing accessory building…"

I thank you in advance for the Courts Clarification of these issues for the Purpose of Appeal.

Respectfully Submitted,

Dated: 2/9/2024.
Westchester, New York

Melanie Hammer, Esq.
146 Goldens Bridge RD,
Katonah, NY 10536
718-757-7677
melanie@hammer-esq.com

5





| | | |
|---|---|---|
| 2  NOTICE OF PETITION (Motion #1) | Hammer, M.<br>Filed: 11/29/2023<br>Received: 11/29/2023 | **Processed**<br>Confirmation Notice |

*WHERE ARE DOC 3 to 18?*

| | | |
|---|---|---|
| 19  NOTICE OF APPEARANCE (POST RJI) (Motion #1)<br>*Notice of Appearance (Post RJI)* | Zitt, R.<br>Filed: 12/05/2023<br>Received: 12/05/2023 | \*\*\* Pending \*\*\*<br>Confirmation Notice |
| 20  LETTER / CORRESPONDENCE TO JUDGE (Motion #1)<br>*Letter to Court Requesting Extension* | Zitt, R.<br>Filed: 12/05/2023<br>Received: 12/05/2023 | **Processed**<br>Confirmation Notice |
| 21  LETTER / CORRESPONDENCE TO JUDGE (Motion #1) | Hammer, M.<br>Filed: 12/05/2023<br>Received: 12/05/2023 | **Processed**<br>Confirmation Notice |
| 22  LETTER / CORRESPONDENCE TO JUDGE (Motion #1)<br>*Letter to Court* | Zitt, R.<br>Filed: 12/05/2023<br>Received: 12/05/2023 | **Processed**<br>Confirmation Notice |
| 24  ORDER - RECUSAL (Motion #1) | Court User<br>Filed: 12/07/2023<br>Received: 12/07/2023 | **Processed**<br>Confirmation Notice |
| 26  LETTER / CORRESPONDENCE TO JUDGE (Motion #1)<br>*Letter to Court Requesting Adjournment* | Zitt, R.<br>Filed: 12/08/2023<br>Received: 12/08/2023 | **Processed**<br>Confirmation Notice |
| 29  LETTER / CORRESPONDENCE TO JUDGE (Motion #1)<br>*thumb drive and letter sent to court via USPS mail* | Hammer, M.<br>Filed: 12/14/2023<br>Received: 12/14/2023 | **Processed**<br>Confirmation Notice |
| 30  LETTER / CORRESPONDENCE TO JUDGE (Motion #1)<br>*Letter to Court in Reply* | Zitt, R.<br>Filed: 12/14/2023<br>Received: 12/14/2023 | **Processed**<br>Confirmation Notice |
| 31  LETTER / CORRESPONDENCE TO JUDGE (Motion #1)<br>*Proof of postage to petitioner* | Hammer, M.<br>Filed: 12/14/2023<br>Received: 12/14/2023 | **Processed**<br>Confirmation Notice |
| 34  NOTICE OF REJECTION (Motion #1) | Hammer, M.<br>Filed: 12/15/2023<br>Received: 12/15/2023 | **Processed**<br>Confirmation Notice |
| 35  LETTER / CORRESPONDENCE TO JUDGE (Motion #1)<br>*Response to Respondents 2nd baseless allegation against*<br>*Petitioner* | Hammer, M.<br>Filed: 12/18/2023<br>Received: 12/18/2023 | **Processed**<br>Confirmation Notice |
| 36  ANSWER IN SPECIAL PROCEEDING (Motion #1)<br>*Verified Answer* | Zitt, R.<br>Filed: 12/27/2023<br>Received: 12/27/2023 | **Processed**<br>Confirmation Notice |